### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Mawson Infrastructure Group, Inc., | Case No. 24-12726 (MFW) |
| Alleged Debtor. | **Hearing Date: February 26, 2025 at 11:30 a.m.**<br>**Objection Deadline: February 19, 2025 at 4 p.m.** |

### MOTION OF CELSIUS NETWORK LIMITED FOR RELIEF FROM
### THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

Celsius Network Limited ("**Celsius**"), acting by and through the Blockchain Recovery Investment Consortium LLC, in its capacity as Complex Asset Recovery Manager and Litigation Administrator for Celsius Network LLC and its affiliated Post-Effective Date Debtors, hereby moves (the "**Motion**") for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Celsius to prosecute a dispositive motion against alleged debtor Mawson Infrastructure Group, Inc. ("**Mawson**") in a pending arbitration and, if successful, to allow Celsius to pursue judicial confirmation of that award.  In support of the Motion, Celsius respectfully states as follows:

### PRELIMINARY STATEMENT

1.     This Court should lift the automatic stay to permit Celsius to seek a partial award in a pending arbitration that was compelled by Mawson.[1]  Specifically, Celsius seeks relief from stay to prosecute a dispositive motion under Commercial Rule 34 (the

---

[1]     The arbitration is being administered by the International Centre for Dispute Resolution of the American Arbitration Association ("**AAA**") under Case No. 1-24-0006-4462 (the "**Arbitration**") pursuant to the AAA's Commercial Arbitration Rules, including the Procedures for Large, Complex Commercial Disputes (the "**Commercial Rules**").   The tribunal consists of a sole arbitrator (the "**Arbitrator**").

"**Mawson Rule 34 Motion**") for a partial final award under Mawson's guaranty (the "**Guaranty**") of the obligations of non-debtor Luna Squares LLC ("**Luna**") under a promissory note issued in consideration for a secured loan in the original principal amount of $20 million (the "**Promissory Note**").  Further, if successful in obtaining a partial final award on the Guaranty, Celsius also seeks relief from stay to confirm that award in a court of competent jurisdiction.  Celsius's present request for relief from stay does not seek authorization to execute on any judgment confirming an award on the Guaranty, if such award were to be granted, or otherwise to exercise remedies against Mawson's assets to collect any such award (collectively, the "**Guaranty Award Enforcement Actions**") without further order of this Court, which shall include any order dismissing the involuntary petition.

2.      Celsius's request for relief is consistent with Mawson's insistence that "Celsius must arbitrate its claims. Full stop."[2]  As this Court is aware, Mawson and Luna opposed a judicial determination of their liabilities under the Promissory Note and Guaranty and insisted that arbitration of Celsius's claims under those instruments was mandatory.  When Mawson sought to extend the automatic stay to its non-debtor subsidiaries to prevent, among other things, a ruling by the Arbitrator on a dispositive motion for an award on the Promissory Note (the "**Luna Rule 34 Motion**"), this Court ruled that Mawson was judicially estopped from changing its position and that its efforts

---

[2]      *See Memorandum of Law in Support of Defendants' Motion to Compel Arbitration and Dismiss or Stay Adversary Proceeding* (the "**Motion to Compel Arbitration**")*,* p. 10.  Celsius incorporates by reference the *Declaration* of *Keith H. Wofford in Support of Opposition of Celsius Network LTD. and Celsius Mining LLC to the Alleged Debtor's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Extending the Automatic Stay Pursuant to 11 U.S.C. 105* filed at Docket No. 16 in Adv. Pro. 25-50008 (the "**First Wofford Declaration**").  The Motion to Compel Arbitration appears at Exhibit D to the First Wofford Declaration.

to stop the Arbitration were in bad faith.[3]   Within 36 hours of this Court denying Mawson's motion for a temporary restraining order and preliminary injunction, the Arbitrator issued a Partial Final Award on the Luna Rule 34 Motion (the "**Promissory Note Award**")[4] — and it is difficult to believe that there would be any different result with respect to Mawson's obligations under the Guaranty, if stay relief is granted to seek a similar partial final award.   There is no reason to stop Celsius from pursuing the Mawson Rule 34 Motion or from confirming any partial final award it might receive, so long as any Guaranty Award Enforcement Actions remain subject to a further order of this Court.

3.      The relief requested in this Motion is also consistent with Mawson's other positions in this involuntary case and prior proceedings relating to its disputes with Celsius. Mawson did not seek the protection of the automatic stay and the breathing room it affords. On the contrary, Mawson is vigorously contesting the involuntary petition.   In the *Alleged Debtor's Answer to Involuntary Petition* [Docket # 16] (the "**Answer**"), Mawson "insists that the petition was filed in bad faith with the improper purpose to harass and intimidate Mawson."   Answer, ¶ 1.   Mawson further declares that the involuntary case "must be dismissed both procedurally and substantively as a bad faith filing."   *Id.*, ¶ 8.   Celsius's request to pursue the Mawson Rule 34 Motion is consistent with Mawson's position that it should be operating in the ordinary course outside the protection of this Court.

---

[3]      An excerpt from the hearing transcript, which contains the Court's bench ruling on Mawson's emergency motion for a temporary restraining order, is attached as Exhibit A to the Declaration of Keith H. Wofford in Support of Motion of Celsius Network Limited for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) (the "**Second Wofford Declaration**").   The court's findings of judicial estoppel and "bad faith" appear at 29:3-19.
[4]      A copy of the Promissory Note Award is attached as Exhibit B to the Second Wofford Declaration.

4.      Finally, "cause" exists to lift the automatic stay to permit Celsius to prosecute the Mawson Rule 34 Motion.  First, given Mawson's opposition to the involuntary petition and its insistence that Celsius arbitrate claims under the Guaranty,[5] there can be no prejudice to the alleged debtor from granting the relief requested.  Because Celsius is not seeking authorization for any Guaranty Award Enforcement Action, there is also no prejudice to the estate.  For the same reasons, allowing the Mawson Rule 34 Motion to go forward imposes no hardship on Mawson.  In contrast, Celsius has suffered inordinate delays in collecting on straightforward claims under instruments governed by New York law due to Mawson's procedural gamesmanship.  Deferral of any award on the Guaranty will aggravate the prejudice already suffered by Celsius and its creditor constituents.  Lastly, Celsius is likely to succeed on the merits of the Mawson Rule 34 Motion based on (i) the Arbitrator's findings when he granted Celsius's request to file that motion, and (ii) the Promissory Note Award on the debt underlying the Guaranty.

5.      On February 6, 2025, Celsius, through its counsel, sent a letter to Mawson requesting Mawson's consent to the relief requested in the Motion.  As of the time of filing, Mawson has not responded to Celsius's request.

6.      Celsius made a contemporaneous request to the petitioning creditors in this case (the "**Petitioning Creditors**").  Celsius has been informed by their counsel that the Petitioning Creditors consent to the relief sought in the Motion.

7.      For these reasons, and for the other reasons set forth below, this Court should grant the Motion.

---

[5]     *See Alleged Debtor's Answer to Involuntary Petition*, ¶ 8 [Docket No. 16]; Motion to Compel Arbitration, p. 10.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

7.      Venue of this case and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

8.      The statutory predicates for the relief requested in this Motion are § 362(d)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

9.      Pursuant to Local Rule 9013-1(f), Celsius consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

10.      Celsius respectfully requests that this Court enter an order substantially in the form of <u>Exhibit A</u> hereto, granting Celsius relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to take the following actions in connection with the Arbitration: (i) to prosecute the Mawson Rule 34 Motion in pursuit of a partial final award on the Guaranty and (ii) to seek confirmation of any partial final award received in connection with the Mawson Rule 34 Motion in a court of competent jurisdiction; provided

that Celsius will not undertake any Guaranty Award Enforcement Actions without further order of the Court, which shall include any order dismissing the involuntary petition.

## BACKGROUND

11.     The background of the disputes between Celsius and Mawson is familiar to the Court based on (i) the pleadings recently filed in the adversary proceeding commenced by Mawson for injunctive relief to stay the Luna Rule 34 Motion and other proceedings in the pending Arbitration against its non-debtor subsidiaries, Adv. Pro. 25-50008-MFW (the "**Adversary Proceeding**") and (ii) oral argument on Mawson's *Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Extending the Automatic Stay Pursuant to 11 U.S.C. 105* (the "**TRO Motion**"), Adversary Proceeding, Docket No. 4. Accordingly, in the interest of efficiency, Celsius incorporates by reference the "Background" section at pp. 4-10 of its opposition to the TRO Motion, Adversary Proceeding, Docket No. 15.

12.     On January 23, 2025 – one day after Mawson notified the Arbitrator that the Court had denied the TRO Motion – the Arbitrator granted the Luna Rule 34 Motion and rendered the Promissory Note Award.

13.     The Mawson Rule 34 Motion is ripe for resolution.  As this Court is aware, the Arbitrator approved Celsius's request to file the Mawson Rule 34 Motion on November 23, 2024, and, in granting the request, necessarily decided that Celsius was likely to succeed on the merits.  Celsius was preparing to file its opening brief on December 4, 2024, when the filing of this involuntary case intervened.  Like the Luna Rule 34 Motion, the Mawson Rule 34 Motion seeks and award on a straightforward instrument governed by New York law.  Further, the Arbitrator's explicit finding in the Promissory Note Award

that the Co-Location Agreement is not a Note Document and is not integrated with the Promissory Note[6] supports the prompt resolution of the Mawson Rule 34 Motion.  The merits here are even more favorable to Celsius than in the Luna Rule 34 Motion, since Mawson (unlike Luna) is not even a party to the Co-Location Agreement under which such alleged "counterclaims" arise.  For these reasons, the Mawson Rule 34 Motion is likely to be resolved quickly, and no further delay is warranted.

## ARGUMENT

14.     Section 362(d)(1) of the Bankruptcy Code provides that a court **shall** grant relief from stay for "cause."  The legislative history of Bankruptcy Code § 362 indicates that "cause" may be established by a single factor, such as "a desire to permit an action to proceed . . . in another tribunal."  *Izzarelli v. Rexene Products Co. (In re Rexene Products Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 341 (1977)).

15.     Courts in the Third Circuit apply a three-factor balancing test to determine whether cause exists to lift the stay to permit a matter to proceed in a forum other than the bankruptcy court.  The three factors are: (i)  whether any great prejudice to either the bankrupt estate or the debtor results from allowing the civil suit to continue; (ii) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor; and (iii) whether it is possible that the creditor has a probability of prevailing on the merits.  *Id.* at 576; *see also, American Airlines Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993).

---

[6]     *See* Promissory Note Award, p. 4.

16.    The three-factor balancing test weighs heavily in favor of granting the Motion.

**A.    Mawson and the Estate Will Not Suffer Any Prejudice if the Stay is Lifted**

17.    By the Motion, Celsius seeks limited relief from the automatic stay to prosecute the Mawson Rule 34 Motion and, if successful, to confirm any partial final award on the Guaranty in a court of competent jurisdiction.  The relief requested in the Motion would not authorize any Guaranty Award Enforcement Actions without further order of the Court, which would include any order dismissing the involuntary petition.

18.    Mawson will suffer no prejudice – much less great prejudice – from this limited pursuit of Celsius's rights in the Arbitration.  Mawson insisted that Celsius's claims under the Guaranty be arbitrated, and the Mawson Rule 34 Motion will be adjudicated in Mawson's chosen forum, same as the Promissory Note.[7]  Further, if Mawson achieves its objective and obtains a dismissal of the involuntary case, the Mawson Rule 34 Motion, together with the rest of the Arbitration, will proceed in any event.  Finally, this Court has ruled that Mawson is judicially estopped from seeking to have Celsius's claims adjudicated outside of arbitration.

19.    Even if Mawson were not judicially estopped and arbitration were not Mawson's chosen forum to resolve its disputes with Celsius, Mawson would still suffer no prejudice, because lifting the stay to permit prosecution of the Mawson Rule 34 Motion would be consistent with the federal policy favoring arbitration.  Courts have long recognized that arbitration clauses are enforceable in bankruptcy and do not conflict with

---

[7]    *See,* Motion to Compel Arbitration, p. 10.

the Bankruptcy Code.  For example, in *In re Mintze*, 434 F.3d 222, 229 (3d Cir. 2006), the Third Circuit held that, regardless of whether a matter is characterized as "core" or "non-core," lower courts do not have discretion to deny enforcement of an arbitration clause, unless the party opposing arbitration "can demonstrate that 'Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue.'"  *Mintze*, 434 F.3d at 229 (quoting *Shearson/American Exp. v. McMahon*, 482 U.S. 220, 227).  *See also Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1156 (3d Cir. 1989) (holding the chapter 11 trustee was bound by a prepetition arbitration provision and the district court had no discretion to deny enforcement) (quoting *Shearson/American Exp. v. McMahon*, 482 U.S. 220, 226 (1987)).

20.    This Court made a similar observation in *In re GWI, Inc.*, 269 B.R. 114, 119 (Bankr. D. Del. 2001), where the Court stayed an adversary proceeding in favor of arbitration.  The Court observed: "[W]e find no basis in fact or law for the proposition that arbitration would interfere with the bankruptcy function of claim allowance.  On the contrary, the vast majority of matters which are sent to arbitration are claim disputes.  There is no evidence that permitting arbitration of claims is a threat to the bankruptcy process.  Instead it often results in a quicker and more economic resolution of claims.  We find no reason to conclude that this case will be any different from the myriad other cases which are regularly decided in arbitration."  *Id.*  Nor is the Mawson Rule 34 Motion any different from those myriad other cases.

21.    Mawson's estate will suffer no prejudice from the relief requested in the Motion, nor will its creditors, because Celsius has expressly provided in the proposed order that any Guaranty Award Enforcement Actions would require a further order of the Court.

Celsius is simply seeking to conclude the pending Arbitration with respect to its claim against Mawson on the Guaranty as expeditiously as possible.  That claim is ripe for determination and likely would have been decided by now had the involuntary case not intervened.  Thus, granting relief from stay to allow the Mawson Rule 34 Motion to proceed would advance the interests of efficiency and judicial economy and, ultimately, will benefit Mawson's estate by eliminating duplicative litigation.

**B.      The Hardship to Celsius Far Outweighs Any Hardship to Mawson or the Estate.**

22.      The balance of harms clearly weighs in favor of Celsius.  As a post-effective date debtor established by the confirmed plan of reorganization in its chapter 11 case, Celsius represents the interests of thousands of creditors – many of them retail investors who lost substantial sums.  Celsius is pursuing the claims in the Arbitration for the benefit of these creditors.  Nearly eighteen months have passed since the Maturity Date, and Mawson has spent this time repeatedly hindering and delaying the Celsius's efforts to collect on the Promissory Note and the Guaranty.   The costs of further delay in the arbitration will be borne by Celsius's creditors and that delay will only aggravate the losses they have suffered.  In contrast, Mawson will suffer no legally cognizable harm from the prosecution of the Mawson Rule 34 Motion, given its clearly stated position that arbitration of the Celsius claims is mandatory and given that the relief it seeks in its Answer – the dismissal of the involuntary case – would open the door to that very result.[8]   Further, Mawson's estate will be protected by the limited relief sought in the Motion.   If Celsius succeeds in obtaining a partial final award on the Mawson Rule 34 Motion and confirms

---

[8]        *See* Motion to Compel Arbitration, p. 10;  *Alleged Debtor's Answer to Involuntary Petition*, ¶ 8 [Docket No. 16].

the award in a court of competent jurisdiction, any Guaranty Award Enforcement Actions would require a further order of the Court.

**C.    Celsius is Likely to Succeed on the Merits of the Mawson Rule 34 Motion.**

23.    Celsius clearly satisfies the third prong of the three-factor balancing test: "whether it is possible that the creditor has a probability of prevailing on the merits." *Rexene*, 141 B.R. at 576.    When a party seeks to lift an automatic stay, the required showing for the movant's probability of success is "very slight."  *Rexene*, 141 B.R. at 578.

24.    Celsius's likelihood of success is far greater than "very slight"; it is substantial.  Commercial Rule 34(a) provides that the Arbitrator "may allow the filing of and make rulings upon a dispositive motion *only if* the arbitrator determines the moving party has shown that the motion is likely to succeed and to dispose of narrow issues in the case" (emphasis added).  Thus, when the Arbitrator considered Celsius's request to file a dispositive motion on the Guaranty claim, he necessarily determined that Celsius was likely to succeed.  Indeed, the Arbitrator ruled in favor of Celsius on the Luna Rule 34 Motion *two days* after briefing was completed.  The Arbitrator's determination to permit Celsius to file the Mawson Rule 34 Motion clearly favors granting Celsius's request for relief from stay.    And the Promissory Note Award already rendered on the debt underlying the Guaranty further supports the likelihood of success on the merits of the Mawson Rule 34 Motion.

## RESERVATION OF RIGHTS

25.    Except as set forth in the Motion, Celsius expressly reserves all rights, including, without limitation, the right to prosecute the Arbitration with respect to non-

debtors Luna and Cosmos and seek to enforce any arbitration award against such non-debtors.

## **CONCLUSION**

26.     WHEREFORE, Celsius respectfully requests entry of an order substantially in the form of Exhibit A hereto (i) lifting the automatic stay to permit Celsius to prosecute the Mawson Rule 34 Motion and, if successful, to confirm any partial final award in a court of competent jurisdiction, subject to the limitation that Celsius would not be authorized to undertake any Guaranty Award Enforcement Actions without a further order of the Court, which shall include any order dismissing the involuntary petition; and (ii) granting such other and further relief to Celsius as this Court deems just and proper.

Dated: February 11, 2025
      Wilmington, Delaware

**VENABLE LLP**

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)
1201 North Market Street
Suite 1400
Wilmington, DE 19801
Tel: 302.298.3535
daobrien@venable.com

and

Jeffrey S. Sabin (*pro hac vice*)
**VENABLE LLP**
151 West 42nd St.
New York, New York 10036
Tel: (212) 307-5500
jssabin@venable.com

and

Andrew J. Currie (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
ajcurrie@venable.com

and

Stephen Moeller-Sally (*pro hac vice*)
**WHITE & CASE LLP**
75 State Street
Boston, MA 02109
Tel: (617) 979-9300
ssally@whitecase.com

and

Keith H. Wofford (*pro hac vice*)
**WHITE & CASE LLP**
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4900
Miami, Florida 33131-2352
Tel: (305) 371-2700
kwofford@whitecase.com

*Counsel for Celsius Network Limited*