**EXHIBIT A**

**FORM OF ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Mawson Infrastructure Group, Inc.,<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 24-12726 (MFW) |

**ORDER GRANTING MOTION OF CELSIUS NETWORK LIMITED FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

Upon the *Motion of Celsius Network Limited for Relief from the Automatic Stay Pursuant to 11 U.S.C.§ 362(d)* [Docket No. ●] (the "**Motion**");[1] and the Court having reviewed the Motion and the Declaration of Keith H. Wofford in support thereof [Docket No. ●]; and the Petitioning Creditors having consented to the relief requested in the Motion; and the Court having held a hearing on the Motion on February 26, 2025 (the "**Hearing**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

necessary; and after due deliberation and sufficient cause appearing therefor; and for the reasons stated on the record at the Hearing,

**IT HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The automatic stay shall be lifted to permit Celsius (i) to prosecute the Mawson Rule 34 Motion in the pending Arbitration in pursuit of a partial final award on the Guaranty and (ii) to seek confirmation of any partial final award obtained in connection with the Mawson Rule 34 Motion in a court of competent jurisdiction; provided that, without further order of this Court, which shall include any order dismissing the involuntary petition, Celsius is not authorized to execute on any judgment confirming an award on the Guaranty, if such award were to be granted, or otherwise to exercise remedies against Mawson's assets to collect any such award.

3. Nothing in this Order shall be deemed or construed to prohibit Celsius from taking any action to enforce the Promissory Note Award against Luna or from taking any other action in respect of its claims against, or claims asserted by, Luna or other non-debtor subsidiaries of Mawson, whether in the Arbitration or otherwise.

4. This order shall be binding in a subsequent voluntary case of Mawson, and Celsius's rights to seek further relief from stay in this involuntary case or in any subsequent voluntary case are expressly preserved.

5. The Court retains jurisdiction over and shall have the power to enforce the terms and provisions of this Order.