**EXHIBIT A**

**HEARING TRANSCRIPT**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| MAWSON INFRASTRUCTURE GROUP, INC., Alleged Debtor. | Case No. 24-12726(MFW) |
| | 824 Market Street, Wilmington, Delaware 19801 |
| | Wednesday, January 22, 2025 |
| MAWSON INFRASTRUCTURE GROUP, INC., vs. CELSIUS NETWORK LTD., CELSIUS MINING LLC and IONIC DIGITAL MINING LLC. | Adv. Proc. No. 25-50008(MFW) |

TRANSCRIPT OF HEARING RE:
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION EXTENDING THE AUTOMATIC STAY
BEFORE THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Celsius Entities: Daniel A. O'Brien, Esq.
VENABLE, LLP
1201 North Market Street
Suite 1400
Wilmington, Delaware 19801

(Appearances Continued)

Audio Operator: Electronically Recorded
by Lesa Neal, ECRO

Transcription Company: Reliable
1007 N. Orange Street
Wilmington, Delaware 19801
(302)654-8080
Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES VIA ZOOM: (On the Record)

| | |
|---|---|
| For the Alleged Debtor/ Plaintiff: | Stephanie Slater Ward, Esq.<br>FOX ROTHSCHILD, LLP<br>919 North Market Street<br>Suite 300<br>Wilmington, Delaware 19801 |
| | Martin R. Martos, II, Esq.<br>FOX ROTHSCHILD, LLP<br>321 North Clark Street<br>Suite 1600<br>Chicago, Illinois 60654 |
| | Isaac Hoenig, Esq.<br>FOX ROTHSCHILD, LLP<br>101 Park Avenue, 17th Floor<br>New York, New York 10178 |
| For the Petitioning Creditors: | Robert J. Dehney, Esq.<br>MORRIS, NICHOLS, ARSHT & TUNNELL, LLP<br>1201 North Market Street<br>16th Floor<br>Wilmington, Delaware 19899 |
| For the Celsius Entities: | Keith H. Wofford, Esq.<br>WHITE & CASE, LLP<br>Southeast Financial Center<br>200 South Biscayne Boulevard<br>Suite 4900<br>Miami, Florida 33131 |
| | Stephen Moeller-Sally, Esq.<br>WHITE & CASE, LLP<br>75 State Street<br>Boston, Massachusetts 02109 |
| For Defendant Ionic Digital: | Denver G. Edwards, Esq.<br>BRADFORD EDWARDS, LLP<br>575 Fifth Avenue, 14th Floor<br>New York, New York 10017 |

INDEX

| | PAGE |
|---|---|
| ARGUMENT BY MR. HOENIG | 5 |
| ARGUMENT BY MR. WOFFORD | 9 |
| COMMENTS BY MR. DEHNEY | 20 |
| ARGUMENT BY MR. EDWARDS | 22 |
| FURTHER ARGUMENT BY MR. HOENIG | 23 |
| FURTHER ARGUMENT BY MR. WOFFORD | 27 |
| COURT DECISION | 29 |

to Mawson. Thank you.

THE COURT: All right. I'm ready to rule.

First, with respect to the last point, I agree -- or I agree with respect to the point about Mawson now asserting that arbitration -- they're not seeking to move the arbitration into this bankruptcy case. But in their last comments, it suggested that they really were, that it can be dealt with in this bankruptcy case. And I think that judicial estoppel prevents the debtor from taking that position.

In Celsius' bankruptcy case, Mawson argued that this issue between the parties, the issues between the parties should go to arbitration. It, ultimately, won that, and it can't switch its position now. The parties have been proceeding with the arbitration that it insisted on. And I think its efforts, at this point, to stop that arbitration are really in bad faith. It's just to delay the possibility of losing the Rule 34 motion that is pending before the arbitrator.

Even if judicial estoppel were not applicable here, however, I find that the -- that Mawson has not met the standard for a TRO here. The extension of the stay to nondebtors is unusual and there is a heavy burden on the party seeking that.

This is not the case where there are thousands of

lawsuits against a debtor, which will require the -- a debtor and its subsidiaries, which will require the debtors' management to be diverted from its bankruptcy purpose of a reorganization, such as in the A.H. Robins and the many other cases where the stay has been extended to nondebtors, such as the directors and officers and subsidiaries.

And while the debtor asserts that Celsius has argued that its subs are alter egos of Mawson, Mawson has not conceded that point. Mawson has not argued that before the arbitrator, to my knowledge, and has not really asserted it in this case. It has not asserted that they are alter egos. It has asserted merely that its management will be diverted and that Mawson is paying the costs of defense. Those were the assertions in its motion. I'm also persuaded that -- well, that is not enough.

Mawson has not articulated that it has a reorganization purpose. And I think it is unusual to have this argument in an involuntary proceeding. I also have not found any cases where a purported debtor has sought to extend the stay to its subsidiaries while it fights, opposes an involuntary petition. And I agree that it seems to be counter to its argument that there is a purpose to staying these actions, while it fights an involuntary.

If it is correct and the involuntary is dismissed, there is no stay at all against -- in favor of Mawson and

shouldn't be one in favor of its subsidiaries. And I think that to extend the stay at this point while the -- while Mawson is taking the position it shouldn't be in bankruptcy is not appropriate.

I'm also convinced that the fact that the claims being asserted by Celsius are against a sub convinces me that it will not have a -- it's not jumping the line as to Mawson's creditors. Mawson is the only purported debtor in this involuntary case. It is already structurally superior in priority to creditors of Mawson. The claims of creditors get paid from the subsidiary before Mawson or its creditors have any rights to those assets of those subsidiaries. So it's not seeking to jump the line.

Further, the assertion that Mawson has to pay defense costs? Those costs have already been incurred. The answer has been filed, the reply has been filed. The only thing pending in the arbitration right now is a decision by the arbitrator on the Rule 34 motion. I don't think that's enough to show that the debtor -- that Mawson and whatever reorganization purpose it has will be harmed by allowing the arbitration to proceed. But again, Mawson has not articulated that it even has a reorganization purpose.

Mawson is asserting it's just a delay of a couple of months, but a delay of a couple of months is significant here, where the parties have been in arbitration for at least

six months.

And I agree with Celsius that I cannot ignore the timing in this case. The arbitration has been going on for months. Mawson has known about it for months. Mawson has been involved in the involuntary filing, which was filed December 4th, six weeks ago, has not sought a TRO before now, literally waited until the last minute, until almost the eve of the date it had to file a response, or its sub had to file a response, before asking for a TRO. It's clear that the harm to Mawson is insignificant. And now it has already filed -- its sub has already filed, it's already paid those defense costs, presumably.

And finally, on public policy, I really think that it -- public policy favors arbitration even in bankruptcy cases. And that has been articulated by the Third Circuit and many other courts. Public policy does not favor extending the automatic stay to nondebtors. And I think Purdue made that clear, the Supreme Court in Purdue made that clear.

Public policy does not -- certainly does not extend the auto -- favor extending the automatic stay to nondebtors in an involuntary case, where the debtor itself is contested the need for a bankruptcy case, thereby negating any reorganization purpose for that case.

So I just think the -- that Mawson has not met the

standards for a TRO or a preliminary injunction in this case, so I will deny the motion.

And I'll ask counsel for Celsius to submit a form of order to that effect after -- under certification of counsel, after reviewing it with counsel for Mawson. Okay?

MR. WOFFORD: Understood, Your Honor.

THE COURT: All right. That being the only matter before the Court, we will stand adjourned. Thank you.

COUNSEL: Thank you, Your Honor. Thank you, Your Honor.

(Proceedings concluded at 11:15 a.m.)

*****

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

________________________________ January 23, 2025

Coleen Rand, AAERT Cert. No. 341

Certified Court Transcriptionist

For Reliable