**EXHIBIT B**

**PARTIAL FINAL AWARD**

**(LUNA PROMISSORY NOTE)**

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Rules**

| | |
|---|---|
| Celsius Network Ltd., Celsius Mining LLC, and Ionic Digital Mining, LLC,<br><br>　　　　　　　　Claimants,<br><br>v.<br><br>Mawson Infrastructure Group, Luna Squares LLC, and Cosmos Infrastructure LLC,<br>　　　　　　　　Respondents. | Case No.: 01-24-0006-4462 |

**PARTIAL FINAL AWARD**

I, the undersigned arbitrator ("Arbitrator" or "Tribunal"), having been appointed in accordance with a broad arbitration clause contained in a Customer Equipment Co-Location Agreement executed as of February 23, 2022 ("Co-Location Agreement") and entered contemporaneously with a Secured Promissory Note of the same date ("Note"), and having duly reviewed the allegations and proofs submitted by the parties, do hereby render this Partial Final Award.

I.　Arbitration Agreement

Article 12.8 of the Co-Location Agreement sets forth the following agreement to arbitrate ("Arbitration Clause"):

> This Agreement and performance of the parties to this Agreement shall be construed and governed according to the internal substantive and procedural law of the State of Delaware applicable to contracts made and to be fully performed in such state (except any laws of that state that would render such choice of law ineffective.) If there is any dispute between the parties in connection with this Agreement, including any question regarding its existence, validity or termination, unless amicably resolved by the parties,

such dispute shall be finally settled by arbitration in accordance with the terms set forth hereunder. The parties agree that any such dispute shall be submitted exclusively to arbitration in accordance with the American Arbitration (AAA) Rules (the "Rules") in effect at the time of submissions for arbitration which Rules are deemed to be incorporated by reference into this clause ....EACH OF THE PARTIES IRREVOCABLY AND UNCONDITIONALLY (A) SUBMITS ANY DISPUTE OF ANY NATURE BETWEEN THE PARTIES RELATING IN ANY WAY TO THIS AGREEMENT TO ARBITRATION AS PROVIDED FOR ABOVE...

(Text in all capital letters in the original.)

In a decision filed on April 22, 2024 in *Celsius Mining LLC v. Mawson Infrastructure Group, Inc. Luna Squares LLC, and Cosmos Infrastructure LLC*, 24 cv. 2063 SDNY (CM), Adv. No. 23-01202 (MG), the district court determined that, subject to possible determination by an arbitrator that one or more claims were not arbitrable, certain claims, including the claim on the Note that is at issue in this Partial Final Award, should be arbitrated.

II.     The Parties to the Note

Claimant Celsius Network Limited is a limited company organized under the laws of England and Wales ("Celsius"). Celsius is the holder of the Note.

Respondent Luna Squares LLC ("Luna") is a Delaware limited liability company and the issuer of the Note.

Familiarity with the pleadings is assumed with respect to the named parties that are neither the holder nor the issuer of the Note.

III.    Procedural History

Celsius, together with Claimants Celsius Mining LLC ("Celsius Mining") and Ionic Digital Mining LLC ("Ionic") commenced this arbitration in July 2024 by filing a demand for arbitration with the AAA (the "Demand"). In the Demand, Celsius seeks, among other things, a monetary award against Respondent Luna for default under the Note.

In November 2024: (a) Celsius requested leave to file a dispositive motion, *inter alia*, against Luna for breach of the Note in order to obtain a partial final award of all amounts due

thereunder plus applicable interest and associated fees and costs; (b) Respondents opposed the application and Celsius filed a reply in further support of the application, and (c) the Tribunal (i) allowed a dispositive motion to proceed and (ii) set a briefing schedule for the motion.

On December 4, 2024, an involuntary bankruptcy petition was filed against Respondent Mawson in the United States Bankruptcy Court for the District of Delaware. The commencement of the involuntary bankruptcy case imposed an automatic stay of proceedings against Respondent Mawson. The Tribunal deferred scheduling of any dispositive motion as against Mawson pending a resolution of the involuntary petition and granted a brief extension for completion of briefing of the dispositive motion on the Note. In accordance with the modified briefing schedule, Celsius filed an opening brief, Respondents filed opposition papers including a declaration of Bill Regan, Respondents' Chief Financial Officer, and Celsius filed a reply brief. The parties also filed correspondence regarding current developments in bankruptcy-related court proceedings.

IV.  Analysis

The Tribunal has carefully considered all submissions made in support and in opposition to the present motion. For the sake of efficiency, this discussion is limited to the points considered determinative of the motion. The Tribunal is not aware of any legal impediment to issuance of this Partial Final Award.

a. Arbitrability

As a threshold matter, in view of the very broad, "related in any way" scope of the Arbitration Clause, the Tribunal sees no reason to reconsider the district court's determination that the dispute regarding the Note is arbitrable.

b. The Note

Respondent Luna issued the Note on February 23, 2022, and, on that basis, received a loan in the principal amount of $20 million. The Note is governed by New York law and contains an integration clause stating that the "Note and the other Note Documents constitute the entire contract between the parties with respect to the subject matter hereof and supersede all previous agreements and understandings, oral or written, with respect thereto."

3

Although the broad scope of the Arbitration Clause extends to the dispute on the Note, the Co-Location Agreement is not a Note Document and is not to be considered integrated with the Note.

The Note requires Luna to pay interest at an annual rate of 12% and to make amortization payments equal to 15% of the original principal amount quarterly, beginning at the end of the fiscal quarter occurring six months after the Closing Date. The Note established the maturity date of August 23, 2023 (the "Maturity Date").

Luna paid interest and amortization under the Note in a timely manner through the end of the first fiscal quarter of 2023. Interest and amortization payments for the second fiscal quarter of 2023 were tendered late, on July 18, 2023.

Luna did not pay $8,144,000 ("Overdue Amount") in outstanding principal and accrued interest on the Maturity Date, as required under the terms of the Note. The failure of Luna to pay the Overdue Amount at maturity gave rise to an Event of Default under the Note.

On August 25, 2023, Celsius, which had taken an assignment of the Note from Celsius Mining, notified Luna of the Event of Default and exercised its option under the Note to increase the applicable interest rate by 2.0% *per annum* (the "Default Notice"). Interest has been accruing on the Overdue Amount from and after the Maturity Date at a rate of $3,167.11 per day.

Paragraph (v) of the Note provides that Luna is required to make all payments thereunder "without setoff or counterclaim." Under New York law, a waiver of counterclaims and setoffs is enforceable against the maker of a promissory note. *Malsin v. Stockman*, 265 A.D.2d 533, 533 (N.Y.A.D. 1999); *Keesville Nat'l Bank v. Gulati*, 194 A.D.2d 970, 971 (N.Y.A.D. 1993).

The Note also requires Luna "to pay on demand all reasonable and documented out-of-pocket costs and expenses of Holder in connection with the collection of the Note Obligations, the enforcement of this Note or the other Note Documents or during any workout, restructuring or negotiations."

Celsius commenced its efforts to collect the Note Obligations and to enforce the Note with the delivery of the Default Notice. It continued to incur out-of-pocket costs of collection and

enforcement including legal fees and expenses since that time, including in connection with this arbitration and an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York.

The obligations of Luna under the Note to pay the Overdue Amount, interest and the costs of collection and enforcement constitute legal, valid and binding obligations. The Note is clear on its face and enforceable by its terms under New York law. Discovery would serve to delay, not to inform the decision of this motion.

In sum, under the express terms of the Note, Luna's payment obligations are not subject to setoff or counterclaim. It is not necessary to this decision, therefore, to determine whether Luna has meritorious, affirmative claims based on the facts asserted in the Counterclaim. It is dispositive of the motion that any such claims by Luna, even assuming they are meritorious, could not constitute a defense to, or provide a setoff against Luna's payment obligations under the Note.

Interest shall continue to accrue post-award at the same contractual rate applicable to other post-default interest. See *Awards of Interest in International Commercial Practice: New York Law and Practice*, NY City Bar Association International Commercial Disputes Committee, June 21, 2017.

### Partial Final Award

For the foregoing reasons, the undersigned Tribunal hereby awards, as its PARTIAL FINAL AWARD, as follows

1. Claimant Celsius Network Limited's dispositive motion is granted.

2. Claimant Celsius Network Limited is entitled to be paid, and is hereby awarded against Respondent Luna Squares LLC, the sum of US$8,144,000.00 plus interest accruing at the rate of US$3,167.11 *per diem* for each day from and after August 23, 2023, until the date of this Partial Final Award (the "Note Amount").

3. The Note Amount shall bear post-Award interest at the rate of US$3,167.11 *per diem* beginning on the day this Partial Final Award is issued and continuing until (a) all such amounts have been paid in full to Celsius Network Limited, or (b) this Partial Final Award is merged into a judgment of an appropriate court.

4. It is hereby declared that, because the Note requires Luna Squares LLC to make payments on the Note without setoff or counterclaim, Respondent Luna Squares

      LLC's counterclaims against Celsius Network Limited are not a defense to liability under or enforcement of the Note.

5. It is hereby declared that Claimant Celsius Network Limited is entitled to recover against Respondent Luna Squares LLC the attorneys' fees, costs and expenses reasonably incurred from and after August 23, 2023, to enforce rights under the Note.

6. Respondent Luna Squares LLC shall pay the Award Amount to Celsius Network Limited no later than 30 days after this Partial Final Award has been transmitted electronically to the Parties.

The Tribunal intends that this Partial Final Award is final in respect of the matters addressed herein and is enforceable and confirmable in an appropriate court. A schedule will be issued setting deadlines for party submissions in connection with an application by Claimant Celsius Network Limited for an award of fees, costs and expenses pursuant to this Partial Final Award.

I hereby certify that, for purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Partial Final Award was made in New York, New York, United States of America.

January 23, 2025  
Date

Richard Mattiaccio, Sole Arbitrator

I, Richard L. Mattiaccio, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Final Award.

January 23, 2025  
Date

Richard L. Mattiaccio, Sole Arbitrator