# __EXHIBIT 1__

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAWSON INFRASTRUCTURE GROUP, INC.<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 24-12726 (MFW)<br><br>Re: D.I. |

**ORDER GRANTING ALLEGED DEBTOR'S MOTION TO COMPEL DISCOVERY AND DEPOSITIONS**

Upon the motion (the "Motion")[1] of Mawson Infrastructure Group Inc. (the "Alleged Debtor") for entry of an order (this "Order") (i) compelling W Capital Advisors Pty Ltd ("W Capital"), Marshall Investments MIG Pty Ltd ("Marshall Investments"), Rayra Pty Ltd ("Rayra" and together with W Capital and Marshall Investments, the "Initial Petitioning Creditors"), and Liam Healey and Quentin Olde in their capacity as Receivers and Managers of MIG No.1 Pty Ltd (in Liq.) (Receivers and Managers Appointed) (the "MIG1 Receivers" together with the Initial Petitioning Creditors, the "Petitioning Creditors" and each a "Petitioning Creditor") to provide complete responses to Mawson's First Set of Discovery Demands and the MIG1 Discovery Requests; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (ii) compelling depositions of the Petitioning Creditors' representatives; and this Court having found that the relief requested in the Motion is proper for the adjudication of the Involuntary Petition and the Answer; and this Court having found that the Alleged Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that just cause for the relief

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

2

granted herein exists; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED in its entirety.

2. The Initial Petitioning Creditors are hereby compelled to provide complete responses to the following discovery demands requested in Mawson's First Set of Discovery Demands within five (5) days from the entry of this Order:

  (i) Marshall shall furnish complete responses to Interrogatory Nos. 1, 2, 3, 5, 8, 9, 10, and 12, and provide all non-privileged documents in response to Request for Production Nos. 1-3, 10, 11, 21, 22, 23, 27, 36,37, and 39.

  (ii) W Capital shall furnish complete responses to Interrogatory Nos. 2, 3, 5, 7, and 10, and provide all non-privileged documents in response to Requests No. 1-3, 17, 18, 22, and 30-32.

  (iii) Rayra shall furnish complete responses to Interrogatory Nos. 2, 3, 9, 10, and 12, and provide all non-privileged documents in response to Request for Production Nos. 1-3, 7, 18, 20, 21, 22, 26, and 33-35.

3. The MIG1 Receivers are hereby compelled to provide complete responses to the MIG1 Discovery Requests within five (5) days from the entry of this Order.

4. The Petitioning Creditors shall produce and supplement its prior production for all other forms of responsive communication, including, but not limited to, telephone records, text messages, WhatsApp messages, etc.

5. The Petitioning Creditors shall produce a privilege log within five (5) days from the entry of this Order to the extent there are any documents that are privileged.

6. The Petitioning Creditors shall provide available dates for the deposition of the individuals identified by Mawson, including Darron Wolter (W Capital), Andrew Martin (Marshall Investments), Ray Itaoui (Rayra), Liam Healey and Quetin Olde (the MIG1 Receivers) within five (5) days from the entry of this Order.

3

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

171054522.1