IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAWSON INFRASTRUCTURE GROUP, INC.<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 24-12726 (MFW) |

**SUPPLEMENTAL DECLARATION OF BILL REGAN IN SUPPORT OF THE REPLY OF MAWSON INFRASTRUCTURE GROUP INC. IN SUPPORT OF ITS MOTION (I) FOR A BOND PURSUANT TO 11 U.S.C. § 303(e), AND (II) FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

I, Bill Regan, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Chief Financial Officer of Mawson Infrastructure Group, Inc. ("Mawson" or the "Company"). I submit this Supplemental Declaration based on personal knowledge and review of relevant documents in support of the *Reply of Mawson Infrastructure Group Inc. in Support of its Motion (i) for a Bond Pursuant to 11 U.S.C. § 303(e); and (ii) for Sanctions for Willful Violation of the Automatic Stay* (the "Reply").[1]

2. Pursuant to SEC requirements and GAAP, the Company is required to disclose potential and disputed liabilities in its SEC filings until resolved and the filings are not intended to be admissions regarding the legitimacy or amount of any debts.

3. Mawson provided MIG1 with at least approximately $32 million in cryptocurrency mining equipment and paid for the costs to operate the equipment. MIG1 did not reimburse Mawson for these expenses, which were written down on Mawson's books in accordance with

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in *Mawson Infrastructure Group Inc.'s Motion (I) For a Bond Pursuant to 11 U.S.C. § 303(e) and (II) for Sanctions for Violation of the Automatic Stay* [Docket No. 88 (sealed); Docket No. 101 (redacted)] (the "Motion") or the Reply, as applicable.

GAAP. Without the equipment and Mawson's payment of operational expenses, MIG1 would not have been able to generate any revenue, including any revenue that upflowed to its parent company, Mawson.

4. Attached hereto as **Exhibit A** are correspondence from Mawson to the MIG1 Receivers in May 2024 advising the MIG1 Receivers that they can collect collateral consisting of mining equipment. To date, the MIG1 Receivers have not collected the collateral.

5. Attached hereto as **Exhibit B** is a true and correct copy of a *Formal Proof of Debt or Claim* of Mawson Infrastructure Group Pty LTD, from February 2025.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed On: July 30, 2025

*/s/ Bill Regan*
Bill Regan
Chief Financial Officer of
Mawson Infrastructure Group, Inc.

# Exhibit "A"

| | |
|---|---|
| **From:** | Kaliste Saloom |
| **To:** | "Luke Pittorino" |
| **Cc:** | Liam Healey; Quentin Olde; Jack Humphrys; Greg Martin; Michael Hughes (User_Delete); Greg Martin; Michael H |
| **Subject:** | RE: [EXT] RE: MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed) |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| **Importance:** | High |

Luke,

We previously advised that the assets are in storage and that we would prefer the Receivers collect the assets as soon as possible. We were not contemplating a formal inspection as a prerequisite to removal. We respectfully suggest that you make arrangements to remove the assets concurrent with your inspection. To accommodate you, we offer the following alternative dates for you to inspect and remove the assets:

18 June with carry over to 19 June; or
19 June with carry over to 20 June; or
25 June with carry over to 26 June; or
26 June with carry over to 27 June.

Please advise your preferences.

Please also be reminded that all persons who enter our premises on official business must be properly registered, including photo identification, and signing of an access agreement, including non-disclosure and liability waiver. As times draws nearer to the actual inspection/removal date, please send me the list of personnel you are requesting access to the property, including their full names, addresses, employers, business title, and purpose for requesting access (e.g. inspection, removal, etc.). I will forward to you in advance of the inspection date prepared access agreements for the people you identify. The access agreements must be executed and returned to us prior to the access date.

Regards,

Kaliste


Regards,

Kaliste



**Kaliste Saloom**
General Counsel
Corporate Secretary

**Mawson Infrastructure Group Inc.**
**Mobile:** +1 337.962.5836
950 Railroad Ave., Midland, PA 15059 USA
**Website:** mawsoninc.com



---

**From:** Luke Pittorino <luke.pittorino@ankura.com>
**Sent:** Sunday, May 26, 2024 8:07 PM
**To:** Kaliste Saloom <Kaliste.Saloom@mawsoninc.com>
**Cc:** Liam Healey <liam.healey@ankura.com>; Quentin Olde <quentin.olde@ankura.com>; Jack Humphrys <Jack.Humphrys@ankura.com>; Greg Martin <greg@mawsoninc.com>; Michael Hughes <michael@mawsoninc.com>; Greg Martin <gjwmartin@mac.com>; Michael H <mhughes0265@gmail.com>
**Subject:** RE: [EXT] RE: MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed)
**Importance:** High

Dear Kaliste

**MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed) ("Company")**

I refer to the below email.

You have previously advised that the assets are in storage and that MIGI would prefer the Receivers collect the assets as soon as possible. Given this position taken by MIGI, it seems unusual that you would seek to delay the timing of a site attendance by our agents. Please let us know if there is any specific reason for seeking this delay.

Our agents are able to attend site on the earlier dates as nominated in my previous email to inspect the Company's assets with a view of preparing for and ultimately undertaking their removal.

Given that the Receivers are endeavouring to attend site as soon as possible, please confirm that we are unable to attend the site on the dates nominated in my previous email. If there are any other earlier dates that our agents can attend site, please nominate them as a matter of urgency to allow us to consider.

We would appreciate it if you would respond to our correspondence without delay.

Regards
Luke

### Luke Pittorino

Managing Director, Turnaround & Restructuring
+61.2.9037.3565 Office +61.460.780.107 Mobile
luke.pittorino@ankura.com

Level 8, 333 George St
Sydney, NSW 2000
www.ankura.com



---

**From:** Kaliste Saloom <Kaliste.Saloom@mawsoninc.com>
**Sent:** Monday, May 27, 2024 6:06 AM
**To:** Luke Pittorino <luke.pittorino@ankura.com>
**Cc:** Liam Healey <liam.healey@ankura.com>; Quentin Olde <quentin.olde@ankura.com>; Jack Humphrys <Jack.Humphrys@ankura.com>; Greg Martin <greg@mawsoninc.com>; Michael Hughes <michael@mawsoninc.com>; Greg Martin <gjwmartin@mac.com>; Michael H <mhughes0265@gmail.com>
**Subject:** RE: [EXT] RE: MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed)
**Importance:** High

Luke,

Pardon the delay in this reply.  We suggest changing the inspection dates as follows:

Tuesday, 18 June, 2024, 8:00 AM EST in Midland (if needed, carryover into Wednesday, 19 June); or alternatively,
Tuesday, 25 June, 2024, 8:00 AM EST in Midland (if needed, carryover into Wednesday, 26 June);

We have a commercial policy that all persons who enter the premises on official business must be properly registered, including photo identification, and signing of an access agreement, including non-disclosure and liability waiver.  As times draws nearer to the actual inspection date, please send me the list of personnel you wish to have access to the property for inspection utilize including their full names, addresses, employers, business title and purpose for requesting access.  I will forward to you in advance of the inspection date prepared access agreements to be executed by the people you identify and returned to us prior to the inspection date.

Let me know if you have any questions.

Regards,

Kaliste



**Kaliste Saloom**
General Counsel
Corporate Secretary

**Mawson Infrastructure Group Inc.**
**Mobile:** +1 337.962.5836
950 Railroad Ave., Midland, PA 15059 USA
**Website:** mawsoninc.com



---

**From:** Luke Pittorino <luke.pittorino@ankura.com>
**Sent:** Monday, May 20, 2024 9:30 PM
**To:** Kaliste Saloom <Kaliste.Saloom@mawsoninc.com>
**Cc:** Liam Healey <liam.healey@ankura.com>; Quentin Olde <quentin.olde@ankura.com>; Jack Humphrys <Jack.Humphrys@ankura.com>; Greg Martin <greg@mawsoninc.com>; Michael Hughes <michael@mawsoninc.com>; Greg Martin <gjwmartin@mac.com>; Michael H <mhughes0265@gmail.com>
**Subject:** RE: [EXT] RE: MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed)
**Importance:** High

Dear Kaliste

Please find attached letter and accompanying excel workbooks.

We await your response.

Regards
Luke

**Luke Pittorino**
Managing Director, Turnaround & Restructuring
+61.2.9037.3565 Office  +61.460.780.107 Mobile
luke.pittorino@ankura.com

Level 8, 333 George St
Sydney, NSW 2000
www.ankura.com



**From:** Kaliste Saloom <Kaliste.Saloom@mawsoninc.com>
**Sent:** Friday, May 17, 2024 4:15 AM
**To:** Luke Pittorino <luke.pittorino@ankura.com>
**Cc:** Liam Healey <liam.healey@ankura.com>; Quentin Olde <quentin.olde@ankura.com>; Jack Humphrys <Jack.Humphrys@ankura.com>; Greg Martin <greg@mawsoninc.com>; Michael Hughes <michael@mawsoninc.com>
**Subject:** [EXT] RE: MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed)
**Importance:** High

Hi Luke,

Please find attached our correspondence regarding this matter.  Let me know if you have any questions.

Regards,

Kaliste



**Kaliste Saloom**
General Counsel
Corporate Secretary

**Mawson Infrastructure Group Inc.**
**Mobile:** +1 337.962.5836
950 Railroad Ave., Midland, PA 15059 USA
**Website:** mawsoninc.com



**From:** Luke Pittorino <luke.pittorino@ankura.com>
**Sent:** Wednesday, May 15, 2024 1:04 AM
**To:** Kaliste Saloom <Kaliste.Saloom@mawsoninc.com>
**Cc:** Liam Healey <liam.healey@ankura.com>; Quentin Olde <quentin.olde@ankura.com>; Jack Humphrys <Jack.Humphrys@ankura.com>; Greg Martin <greg@mawsoninc.com>; Michael Hughes <michael@mawsoninc.com>; Rahul Mewawalla <Rahul.Mewawalla@mawsoninc.com>; Ryan Costello <ryan.costello@mawsoninc.com>
**Subject:** MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed)

Hi Kaliste

**MIG No.1 Pty Limited (In Liquidation) (Receivers and Managers Appointed)** ("**Company**")

I refer to previous correspondence with respect to the Company.

Could Mawson Infrastructure Group Inc. please confirm that:

1. Access to the Company's assets will be made available to the Receivers / their agents; and
2. The relevant contact person (name, position, phone number, email address, location) for our agents to liaise with regarding the inspection of the Company's assets. We note we requested this information in our letter dated 29 April 2024 to Mr Michael Hughes and Mr Greg Martin (which has not been addressed or answered).

Given the time difference to the USA and the relatively simple nature of this request, please reply within 24 hours.

This request has also been separately sent to Mr Michael Hughes and Mr Greg Martin and their solicitors (Ironbridge Legal).

Regards
Luke

### Luke Pittorino

Managing Director, Turnaround & Restructuring
+61.2.9037.3565 Office +61.460.780.107 Mobile
[luke.pittorino@ankura.com](mailto:luke.pittorino@ankura.com)

Level 8, 333 George St
Sydney, NSW 2000
www.ankura.com



**Confidentiality Notice:**
This email and any attachments may be confidential and protected by legal privilege. This communication is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s), be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and then delete this copy and the reply from your system. Thank you for your cooperation.

# Exhibit "B"

*Form 535*          Corporations Act 2001          Reg. 5.6.49(2)

# FORMAL PROOF OF DEBT OR CLAIM (GENERAL FORM)

**MAWSON INFRASTRUCTURE GROUP PTY LTD (SUBJECT TO DEED OF COMPANY ARRANGEMENT)**
**ACN 636 458 912 ('THE COMPANY')**

To the Deed Administrators of

**MAWSON INFRASTRUCTURE GROUP PTY LTD (SUBJECT TO DEED OF COMPANY ARRANGEMENT)**
**ACN 636 458 912**

1. This is to state that the Company was on 30 October 2023, and still is, justly and truly indebted to (insert full name and address of the creditor[1])

   Mawson Infrastructure Group, Inc., 950 Railroad Ave., Midland, PA 15059 (USA)

   for (insert amount of claim in words)

   Twenty-Two Million, Seven Hundred Thirteen Thousand, Four Hundred and Forty-Two dollars and Thirty Two cents

   Particulars of the debt are (give details of claim[2]):

   | Date | Consideration (state how the debt arose) | Amount $ ¢ | Remarks (include details of voucher substantiating payment) |
   |---|---|---|---|
   | Refer to Appendix A for claim details. | Offset of intercompany transactions | | Refer to Appendix A for claim details. |

2. To my knowledge or belief the creditor has not, nor has any person by the creditor's order, had or received any satisfaction or security for the sum or any part of it except for the following[3]:

   Offset of inter-company balances.

3. [4]I know that the debt was incurred for the consideration stated and that the debt, to the best of my knowledge and belief, remains unpaid and unsatisfied. I am the creditor, employed by the creditor, and/or the creditor's agent duly authorised in writing to make this statement.

Signed: *[signature]*

Dated: February 14, 2025

Confirmation of postal/contact details of Creditor

Address: 950 Railroad Avenue
City: Midland    State: Pennsylvania    Postcode: 15059
Phone: +1 (337) 962-5836    Email: Legal@mawsoninc.com

**Correspondence by email**
Do you consent to this office electing to send correspondence regarding the Company to the above email address?    Yes ☑

Page 1 of 2

**Notes:**

1. Insert the full name and address of the creditor and, if applicable, the creditor's partners. If prepared by an employee or agent of the creditor, also insert a description of the occupation of the creditor.
2. Insert particulars of all securities held. If the securities are on the property of the Company, assess the value of those securities. If any bills or other negotiable securities are held, show them in a schedule in the following form:

| Date | Drawer | Acceptor | Amount | Due Date |
|------|--------|----------|--------|----------|
|      |        |          | $   ¢  |          |
|      |        |          |        |          |

3. Under "Consideration" state how the debt arose, for example "goods sold and delivered to the Company between the date of ........................", "moneys advanced in respect of the Bill of Exchange."  Include details of vouchers substantiating payment.
4. Do not complete section three if this proof is made by the creditor personally.

**FOR OFFICE USE ONLY**

| Received | Admitted to Vote for | Admitted to rank for dividend |
|----------|----------------------|-------------------------------|
|          | $   ¢                | $   ¢                         |
|          |                      |                               |

# APPENDIX A

Offsetting the inter-company receivables of Claimant, Mawson Infrastructure Group, Inc. (MIGI), totaling $78,256,481.74 to be reduced by the inter-company payables totaling $55,543,039.42 in favor of MIGI's subsidiaries results in a net receivable to MIGI of $22,713,442.32. These claims are US assets of MIGI subject to US Jurisdiction.

(a)  Below are the details for the total inter-company payables and receivables by entity.

**Intercompany Liabilities (See Schedule 1 PODS #1, #2, #3, & #4):**

| | |
|---|---|
| MIGI (POD #1) | AU$57,431,508.71 |
| Luna Squares LLC (POD #2) | 10,800,206.89 |
| Cosmos Infrastructure LLC (POD #3) | 9,948,746.77 |
| Cosmos Trading (POD #4) | 76,019.37 |
| Total | AU$78,256,481.74 |

**Intercompany Receivables (See Table A5 from Rocap, Part A):**

| | |
|---|---|
| Mig No 1 | AU$47,270,870.23 |
| Luna Squares, LLC | 6,958,317.27 |
| Mawson Services | 524,054.41 |
| Mawson AU Limited | 516,231.91 |
| Cosmos Manager | 235,279.50 |
| Luna Squares Property | 38,286.10 |
| Total | AU$55,543,039.42 |
| Net Offset (See POD #5) | |
| **Total** | **AU$22,713,442.32** |

(b)  All documents referred to above not otherwise previously filed in this matter are enclosed with this response, and all are incorporated herewith as if copied their entirety herein.