**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAWSON INFRASTRUCTURE GROUP, INC.<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 24-12726 (MFW)<br><br>**Re: Docket No. 160, 161, 162** |

**MARSHALL'S OBJECTION TO PROPOSED ORDER GRANTING MAWSON INFRASTRUCTURE GROUP INC.'S MOTION (I) FOR A BOND PURSUANT TO 11 U.S.C. § 303(e), AND (II) FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY FILED UNDER CERTIFICATION OF COUNSEL**

Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as trustee for the Marshall Investments MIG Trust ("Marshall"), a petitioning creditor in the above-captioned chapter 11 case, by and through their undersigned counsel, hereby objects (the "Objection") to the Alleged Debtor's proposed *Order Granting Mawson Infrastructure Group Inc.'s Motion (I) for a Bond Pursuant to 11 U.S.C. § 303(e), and (II) for Sanctions for Violation of the Automatic Stay* (the "Proposed Stay and Bond Order") filed under certification of counsel at Docket No. 162. In support of this Objection, Marshall respectfully represents as follows:

**OBJECTION**

1. Substantially contemporaneously herewith, Marshall filed *Marshall's Motion Pursuant to Bankruptcy Code Section 303(i) and Bankruptcy Rules 9023 and 9024 for Order (I) Dismissing Alleged Debtor's Request for Bond, (II) Scheduling Rehearing on Alleged Debtor's Motion for Order for (A) Bond Pursuant to 11 U.S.C. § 303(e) and (B) Sanctions for Violation of*

*Automatic Stay or (II) Reconsidering the August 11 Bench Ruling on Such Motion* [Docket No. 164] (the "Rehearing Motion").[1]

2. As set forth in more detail in the Rehearing Motion, at the Stay and Bond Hearing, the Court did not receive any evidence; no witnesses were heard; and no documents were submitted. Yet, the recitals of the Proposed Stay and Bond Order state that "good and sufficient cause" was found for the operative provisions of the Proposed Stay and Bond Order. *See* Proposed Stay Order, Recitals. While the Court did state in its Bench Ruling that cause exists, this "finding" could not be made based on the record at the Stay and Bond Hearing. Further, the Proposed Stay and Bond Order includes a decretal paragraph that "[i]n continuing the Australian Proceeding after the Petition Date, including having the Liquidator appointed, the Petitioning Creditors and the Liquidator willfully violated the automatic stay under 11 U.S.C. § 362(a)." *See id.*, ¶ 3. This paragraph is similarly unsupported by the record at the Stay and Bond Hearing (in addition to being procedurally improper as a declaratory judgement against the Petitioning Creditors and the Liquidator without an adversary proceeding, as discussed in more detail in the Rehearing Motion).

3. Further, the Proposed Stay and Bond Order purports to assess joint and several liability against each of the Petitioning Creditors for the bond pursuant to Bankruptcy Code section 303(i) and the sanctions for the alleged Automatic Stay violation. Cause and the associated liability for a bond pursuant to Bankruptcy Code section 303(i) must be shown on an individual basis. Liability for sanctions for an alleged Automatic Stay violation must be assessed on an individual basis for the conduct that a specific Petitioning Creditors took in violation of the Automatic Stay. As set forth in the Rehearing Motion, the record does not and cannot support

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rehearing Motion.

liability for a bond pursuant to section 303(i) nor a violation of the Automatic Stay being imposed on Marshall.

4. Additionally, as the Court requested, in support of the Proposed Stay and Bond Order, the Alleged Debtor filed the *Declaration of Michael R. Herz in Support of Mawson Infrastructure Group Inc.'s Motion for a Bond Pursuant to 11 U.S.C. § 303(e), and (II) for Sanctions for Willful Violation of the Automatic Stay* [Docket No.160] (the "Herz Declaration") and the *Declaration of Michael G. Platner in Support of Mawson Infrastructure Group Inc.'s Motion (I) for a Bond Pursuant to 11 U.S.C. § 303(e), and (II) for Sanctions for Willful Violation of the Automatic Stay* [Docket No. 161] (the "Platner Declaration" and, together with the Herz Declaration, the "Declarations"). Marshall objects to the Court considering the Declarations absent Marshall having an opportunity to cross-examine Mr. Herz and Mr. Platner. *See generally* Rehearing Motion, ¶¶ 23, 33.

5. Further, the Declarations are vague and incomplete. The Herz Declaration states "Fox Rothschild, as counsel to the Alleged Debtor has incurred approximately **$1,592,076.36** in fees and costs since the Petition Date through July 31, 2025." Herz Declaration, ¶ 3 (emphasis in original). However, the Herz Declaration fails to attach time detail for the asserted amount, instead only including high-level summary detail. *See* Herz Declaration, Exhibit A.[2] The Herz Declaration also provides "Fox Rothschild has incurred approximately **$204,475.00** in attorney's fees and costs related to the Petitioning Creditors' and Liquidator's violation of the automatic stay." *Id.* (emphasis in original). What the Herz Declaration fails to clarify is whether the $204,475.00 in fees Fox Rothschilds claims to have incurred in connection with the alleged violation of the

---

[2] Since the Petition Date, the Alleged Debtor has engaged in litigation with Celsius Network Ltd., Celsius Mining LLC, and Ionic Digital Mining LLC. *See generally Alleged Debtor's Adversary Complaint for Injunctive Relief Pursuant to 11 U.S.C. § 105* [Docket No. 30]. Marshall submits that fees and expenses related to such litigation should not be included in sizing any bond pursuant to section 303(e) of the Bankruptcy Code.

Automatic Stay is a subset of or additive to the total fees of $1,592,076.36 Fox Rothschild claims to have incurred during this case. This Court was clear that the Stay and Bond Hearing that "[o]bviously, I will not award duplicative costs and fees." *See* August 11 Hr'g Tr. 52:12-13. Yet, the Declarations fail to provide the necessary clarity to avoid the potential for such duplication.

6.      Further, with respect to the Platner Declaration, Marshall is unsure what role, if any, Lewis Brisbois, as counsel to the Special Transaction Committee of the Board of the Alleged Debtor, plays in the involuntary case. The Platner Declaration fails to attach any time detail or even summary of services to provide any clarity on why these fees would be included within the bond sought by the Alleged Debtor. Nor does the Platner Declaration provide any information to give comfort that Lewis Brisbois fees were (a) reasonable and necessary, (b) incurred for services not duplicative of those performed by Fox Rothschild, and (c) related to the involuntary case. The information provided in the Declarations is plainly not sufficient to justify requiring the Petitioning Creditors to post a bond for over $1.6 million, much less twice that amount.[3]

[*Remainder of Page Intentionally Left Blank*]

---

[3] The requirement that the Petitioning Creditor's post a bond in the amount of twice the fees and costs incurred by the Alleged Debtor to date is particularly troubling both due to the lack of time detail supporting the fees and costs incurred to date, which are significant, as well as the recently filed *Motion to Dismiss Petition of Marshall Investments GCP Pty Limited (f/k/a Marshall Investments Mig Pty Ltd) as Trustee for the Marshall Investments Mig Trust as Petitioning Creditor* [Docket No. 163] (the "Dismissal Motion"), which, if granted, will cutoff the incurrence of future fees and expenses.

## CONCLUSION

WHEREFORE, for the foregoing reasons as well as the arguments set forth in the Rehearing Motion, the record of the Stay and Bond Hearing is not consistent with the Proposed Stay and Bond Order and does not support the decretal or operative paragraphs in the Proposed Stay and Bond Order. Accordingly, Marshall respectfully requests that the Court deny entry of the Proposed Stay and Bond Order and grant such other relief as the Court deems just and proper.

Dated: August 25, 2025
New York, New York

**ROPES & GRAY LLP**

*/s/ Gregg M. Galardi*
Gregg M. Galardi (No. 2991)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone.: (212) 596-9000
Facsimile: (212) 596-9090
Email: gregg.galardi@ropesgray.com

*Counsel to Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as trustee for the Marshall Investments MIG Trust*