IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAWSON INFRASTRUCTURE GROUP, INC.,<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 24-12726 (MFW)<br><br>Re: Dkt. Nos. 163, 164 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CELSIUS NETWORK LIMITED REGARDING MARSHALL'S MOTION PURSUANT TO BANKRUPTCY CODE SECTION 303(I) AND BANKRUPTCY RULES 9023 AND 9024 FOR ORDER (I) DISMISSING ALLEGED DEBTORS REQUEST FOR BOND, (II) SCHEDULING REHEARING ON ALLEGED DEBTORS MOTION FOR ORDER FOR (A) BOND PURSUANT TO 11 U.S.C. § 303(E) AND (B) SANCTIONS FOR VIOLATION OF AUTOMATIC STAY OR (III) RECONSIDERING THE AUGUST 11 BENCH RULING ON SUCH MOTION AND MOTION TO DISMISS PETITION OF MARSHALL INVESTMENTS GCP PTY LIMITED (F/K/A MARSHALL INVESTMENTS MIG PTY LTD) AS TRUSTEE FOR THE MARSHALL INVESTMENTS MIG TRUST AS PETITIONING CREDITOR**

Celsius Network Limited ("**Celsius**"), acting by and through the Blockchain Recovery Investment Consortium LLC, in its capacity as Complex Asset Recovery Manager and Litigation Administrator for Celsius Network LLC and its affiliated Post-Effective Date Debtors, hereby files this limited objection and reservation of rights (the "**Limited Objection**") regarding *Marshall's Motion Pursuant to Bankruptcy Code Section 303(i) and Bankruptcy Rules 9023 and 9024 for Order (I) Dismissing Alleged Debtors Request for Bond, (II) Scheduling Rehearing on Alleged Debtors Motion for Order for (A) Bond Pursuant to 11 U.S.C. § 303(e) and (B) Sanctions for Violation of Automatic Stay or (III) Reconsidering the August 11 Bench Ruling On Such Motion* (the "**Rehearing Motion**") and the *Motion to Dismiss Petition of Marshall Investments GCP Pty Limited*

*(f/k/a Marshall Investments MIG Pty Ltd) as Trustee for the Marshall Investments MIG Trust as Petitioning Creditor* (the "**Motion to Dismiss**").[1] In furtherance of the Limited Objection, Celsius respectfully states as follows:

1. Celsius takes no position with respect to the Rehearing Motion to the extent that it seeks to modify the terms of any sanctions. However, Celsius objects to the Rehearing Motion to the extent it seeks a reversal or modification of the Court's finding that the Petitioning Creditors violated the automatic stay.

2. Celsius (i) reserves all rights to supplement this Limited Objection for purposes of any further hearing on the Rehearing Motion, including, without limitation, any evidentiary hearing, and (ii) reserves all rights with respect to the Motion to Dismiss, including, without limitation, rights regarding the treatment of its claims and the conditions for any dismissal relating to the winding up proceeding in the Federal Court of Australia.

Dated: September 3, 2025
Wilmington, Delaware

**VENABLE LLP**

/s/ *Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)
1201 North Market Street
Suite 1400
Wilmington, DE 19801
Tel: 302.298.3535
daobrien@venable.com

and

Jeffrey S. Sabin (*pro hac vice*)
**VENABLE LLP**
151 West 42nd St.
New York, New York 10036
Tel: (212) 307-5500
jssabin@venable.com

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Rehearing Motion.

and

Andrew J. Currie (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
ajcurrie@venable.com

and

Stephen Moeller-Sally (*pro hac vice*)
**WHITE & CASE LLP**
75 State Street
Boston, MA 02109
Tel: (617) 979-9300
ssally@whitecase.com

and

Keith H. Wofford (*pro hac vice*)
**WHITE & CASE LLP**
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4900
Miami, Florida 33131-2352
Tel: (305) 371-2700
kwofford@whitecase.com

*Counsel for Celsius Network Limited*