**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAWSON INFRASTRUCTURE GROUP, INC. | Case No. 24-12726 (MFW) |
| Alleged Debtor. | **Re: Docket No. 101, 164, 183, and 184** |

**MARSHALL'S REPLY IN SUPPORT OF**
**MOTION PURSUANT TO BANKRUPTCY CODE SECTION 303(i)**
**AND BANKRUPTCY RULES 9023 AND 9024 FOR ORDER (I) DISMISSING**
**ALLEGED DEBTOR'S REQUEST FOR BOND, (II) SCHEDULING REHEARING**
**ON ALLEGED DEBTOR'S MOTION FOR ORDER FOR (A) BOND PURSUANT TO**
**11 U.S.C. § 303(e) AND (B) SANCTIONS FOR VIOLATION OF AUTOMATIC STAY**
**OR (III) RECONSIDERING THE AUGUST 11 BENCH RULING ON SUCH MOTION**

Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as trustee for the Marshall Investments MIG Trust ("Marshall"), a petitioning creditor in the above-captioned chapter 11 case of Mawson Infrastructure Group, Inc. ("Mawson" or the "Alleged Debtor"), by and through its undersigned counsel, hereby submits this reply (the "Reply") in further support of the relief requested by *Marshall's Motion Pursuant to Bankruptcy Code Section 303(i) and Bankruptcy Rules 9023 and 9024 for Order (I) Dismissing Alleged Debtor's Request for Bond, (II) Scheduling Rehearing on Alleged Debtor's Motion for Order for (A) Bond Pursuant to 11 U.S.C. § 303(e) and (B) Sanctions for Violation of the Automatic Stay or (III) Reconsidering the August 11 Bench Ruling on Such Motion* [Docket No. 164] (the "Rehearing Motion")[1] and in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rehearing Motion.

opposition to the (i) Celsius Objection,[2] and (ii) the Alleged Debtor Objection[3], and respectfully represents as follows:

## REPLY

### I.  The Objections Should Be Overruled and the Rehearing Motion Granted

1.  The Objections[4] ignore the fundamental issues raised in the Rehearing Motion.

2.  It cannot be disputed that the Alleged Debtor had the burden of proof to establish the relief the Alleged Debtor requested in the Stay and Bond Motion should be granted. *See, e.g., In re Neria*, 2022 WL 17254478, at *28 (Bankr. N.D. Tex. Nov. 28, 2022) ("It is the Debtor's burden to prove a willful violation of the automatic stay by a preponderance of the evidence."); *In re Ransome Grp. Invs. I, LP*, 423 B.R. 556 (Bankr. M.D. Fla. 2009) (finding that the "[alleged debtor] has not established "cause" to require [petitioning creditor] to post a bond within the meaning of § 303(e) of the Bankruptcy Code [because factual issues exist in this case regarding

---

[2]    *Limited Objection and Reservation of Rights of Celsius Network Limited Regarding Marshall's Motion Pursuant to Bankruptcy Code Section 303(i) and Bankruptcy Rules 9023 and 9024 for Order (I) Dismissing Alleged Debtor's Request for Bond, (II) Scheduling Rehearing on Alleged Debtor's Motion for Order for (A) Bond Pursuant to 11 U.S.C. § 303(e) and (B) Sanctions for Violation of the Automatic Stay or (III) Reconsidering the August 11 Bench Ruling on Such Motion and Motion to Dismiss Petition of Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as Trustee for the Marshall Investments MIG Trust ad Petitioning Creditor* [Docket No. 183] (the "Celsius Objection").

[3]    *Objection of Mawson Infrastructure Group, Inc. to (A) Marshall's Motion Pursuant to Bankruptcy Code Section 303(i) and Bankruptcy Rules 9023 and 9024 for Order (I) Dismissing Alleged Debtor's Request for Bond, (II) Scheduling Rehearing on Alleged Debtor's Motion for Order for (A) Bond Pursuant to 11 U.S.C. § 303(e) and (B) Sanctions for Violation of Automatic Stay or (II) Reconsidering the August 11 Bench Ruling on Such Motion; (B) Joinder of Rayra Pty Ltd. to Marshall's Motion Pursuant to Bankruptcy Code Section 303(i) and Bankruptcy Rules 9023 and 9024 for Order (I) Dismissing Alleged Debtor's Request for Bond, (II) Scheduling Rehearing on Alleged Debtor's Motion for Order for (A) Bond Pursuant to 11 U.S.C. § 303(e) and (B) Sanctions for Violation of Automatic Stay or (II) Reconsidering the August 11 Bench Ruling on Such Motion; and (C) Joinder and Motion of Liam Healey and Quentin Olde in Their Capacity as Receivers and Managers of MIG No.1 Pty Ltd. (in Liq.) (Receivers and Managers Appointed), Pursuant to Bankruptcy Rule 9023, for (I) Reconsideration of the Bench Ruling and (II) Rehearing on Alleged Debtor's Motion for Order for ( ) Bond Pursuant to 11 U.S.C. Section 303(e) and (II) Sanctions for Violation of Automatic Stay* [Docket No. 184] (the "Alleged Debtor Objection" and, together with the Celsius Objection, the "Objections").

[4]    While this Reply is in opposition to both Objections, the Celsius Objection does not provide any basis for its objection, noting only the existence of Celsius' objection to the Rehearing Motion "to the extent it seeks a reversal or modification of the Court's finding that the Petitioning Creditors violated the automatic stay."  Celsius Objection, ¶ 1.

the Motion to Dismiss the Involuntary Petition [and t]here is a presumption that the Petition was filed in good faith."). Nor does the Alleged Debtor or Celsius dispute this. *See generally* Alleged Debtor Objection; Celsius Objection. Nor may it be disputed that to meet this burden of proof, the Alleged Debtor needed to present evidence to create a factual record on which this Court could make factual findings regarding conduct that violated the Automatic Stay or to overcome the presumption that the involuntary case was commenced in goof faith and, thus, that a bond be posted. Critically, however, it also cannot be disputed that the Alleged Debtor's counsel presented no witnesses, proffered no testimony, and submitted no documentary or other evidence into the record at the Stay and Bond Hearing. So, regardless of the procedural and other issues Marshall raised in the Rehearing Motion, which Marshall maintains are also valid grounds for granting the Rehearing Motion, it would be an error to enter the Proposed Stay and Bond Order.[5] And

---

[5] For the avoidance of doubt, even putting aside the issues raised in the Rehearing Motion, Marshall objects to the entry of the Proposed Stay and Bond Order in the form filed by the Alleged Debtor at Docket No. 162 for the reasons set forth in the *Marshall's Objection to Proposed Order Granting Mawson Infrastructure Group Inc.'s Motion (I) for Bond Pursuant to 11 U.S.C. § 303(e), and (II) for Sanctions for Violation of the Automatic Stay* [Docket No. 167]. At minimum, even if the Rehearing Motion is not granted, the Proposed Stay and Bond Order must be split into two separate orders prior to entry to preserve Marshall's substantive due process rights, including Marshall's appellate rights. Marshall contends that it has not violated the Automatic Stay and reserves all rights, including but not limited taking an immediate appeal of any order holding that Marshall violated the automatic stay. Critically, orders on stay violations and awards of sanctions for the same are immediately appealable. *See, e.g., In re Heghmann*, 316 B.R. 395, 400 (B.A.P. 1st Cir. 2004) ("[g]enerally, orders finding violations of the automatic stay and imposing sanctions are final appealable orders."); *see generally Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582, 592 (2020) (holding that an order conclusively denying a stay relief motion is "final" as it ended the stay-relief adjudication and left nothing more for the Bankruptcy Court to do with that proceeding).!However, while Marshall reserves all rights to argue an order requiring posting a bond pursuant to section 303(e) of the Bankruptcy Code is immediately appealable, Marshall acknowledges there is at least an argument that such orders are not immediately appealable. *See generally Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010) (internal citations omitted) (collecting cases finding that "orders to post an injunction bond—and that is the order challenged by this appeal—or other security generally are not appealable immediately"). Entering the Proposed Stay and Bond Order as filed without an evidentiary hearing would therefore not only deny Marshall's entitlement challenge the factual basis on which such order rests, but also could also foreclose Marshall from exercising its immediate appellate right with respect to any sanction awarded.

consequently, the Rehearing Motion should be granted so that the Court may hold an evidentiary hearing on the Stay and Bond Motion.[6]

3.        Nor is it relevant, as the Alleged Debtor seemingly believes, that Marshall did not file declarations or submit new evidence in support of the Rehearing Motion.  *See, e.g.,* Alleged Debtor Objection, ¶ 5.  Marshall is not challenging findings made at the Stay and Bond Hearing based on evidence in the record at that hearing.  Marshall's argument that the Rehearing Motion should be granted is entirely legal in nature:[7]  There was simply no factual record on which the Court could properly rest the Bench Ruling or enter the Proposed Stay and Bond Order holding *all* of the Petitioning Creditors violated the Automatic Stay or that *all* of the Petitioning Creditors must post a bond.

4.        Nor is it true, as the Alleged Debtor contends that "[g]ranting rehearing would prejudice the Alleged Debtor by increasing costs, delaying resolution, and undermining the protections afforded by the Court's Ruling at the Hearing."  Alleged Debtor Objection, ¶ 60. Marshall is not trying to delay.  Rather than waiting until the Proposed Stay and Bond Order was entered and then raising these issues on appeal, Marshall acted as quickly as it could after retaining new counsel to give this Court and all parties an opportunity to correct the clear deficiencies with the record created at the Stay and Bond Hearing.[8]  And to the extent the Court agrees that the

---

[6]    While the Alleged Debtor raises issues as to the additional costs and delays of an evidentiary hearing, any delay and costs are entirely the result of the Alleged Debtor's counsel's failure to submit evidence at the Stay and Bond Hearing, not the result of Marshall's Rehearing Motion.  In fact, to address these issues now, as opposed on appeal, will likely be less expensive as Marshall is prepared to proceed on an expedited basis presuming the Alleged Debtor provides discovery on an expedited basis.

[7]    Marshall is not submitting new evidence for the Court's consideration.  If the relief requested in the Rehearing Motion is granted, Marshall expects the Alleged Debtor will file an adversary proceeding or move forward with an evidentiary hearing, at the direction of this Court.  The Alleged Debtor will have an opportunity to meet its burdens in such proceedings.  Marshall will also have an opportunity to respond to any evidence presented by the Alleged Debtor and submit evidence in rebuttal.

[8]    For the avoidance of doubt, Marshall reserves all rights with respect to any order entered on the Stay and Bond Motion, including the right to appeal.  Although Marshall understands that Third Circuit precedent permits this

record at the Stay and Bond Hearing was not adequate, it was the fault of the Alleged Debtor's counsel, not Marshall, as the Alleged Debtor had to submit evidence on which the Court could make findings and simply did not do so.

## II.    Certain of the Relief Has Been Rendered Moot by the Dismissal Motion

5.    As the Alleged Debtor acknowledges, "a bond is designed to be prospective in nature. It protects against future harm."  Alleged Debtor Objection, ¶ 15.  The prospective nature of the relief provided by section 303(e) of the Bankruptcy Code is, or at least should be, no longer necessary.  While Marshall contends that it should not be subject to sanctions for a violation of the Automatic Stay or be required to post a bond to pay the Alleged Debtor's attorney's costs and fees, even if the Court granted the Dismissal Motion the Alleged Debtor may still pursue relief under Bankruptcy Code section 303(i).[9]  And, as the Alleged Debtor has been advised, as of September 2, 2025, all of the Petitioning Creditors consent to dismissal of the Involuntary Petition.  So, since at least that date, it has been entirely within the Alleged Debtor's to decide whether to consent, so that the Court may grant the Dismissal Motion "on consent of all petitioners and the debtor".  *See* 11 U.S.C. § 303(j).  To date, however, the Alleged Debtor has failed to provide any response the

---

Court to grant a corporate debtor damages pursuant to section 362(k) of the Bankruptcy Code for a violation of the automatic stay, *see Cuffee v. Atl. Bus. & Cmty. Dev, Corp. (In re Atl. Bus. & Cmty. Corp.)*, 901 F.2d 325, 329 (3d Cir. 1990), Marshall reserves the right to seek that such Third Circuit precedent be reconsidered and that it follow several other Courts of Appeal that hold that corporate debtors are not entitled to such relief under a literal interpretation of Bankruptcy Code section 362(k) (formerly Bankruptcy Code section 362(h)).  *See In re Spookyworld, Inc.*, 346 F.3d 1, 8 (1st Cir. 2003) ("[W]e agree with the Second, Eighth, Ninth, and Eleventh Circuits, and with the district courts and the BAP in this circuit, and hold that corporations cannot sue under section 362(h) to obtain damages for violation of the automatic stay."); *In re Chateaugay Corp.*, 920 F.2d 183 (2d Cir. 1990); *In re Just Brakes Corporate Sys.*, 108 F.3d 881, 884 (8th Cir. 1997) ("The bankruptcy court ruled that § 362(h) only applies to "individual" debtors, not to corporate entities such as Just Brakes. We agree."); *In re Goodman*, 991 F.2d 613, 619 (9th Cir. 1993) ("We conclude that the Second Circuit's determination in *Chateaugay* is correct: "individual" means individual, and not a corporation or other artificial entity."); *In re Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1551 (11th Cir. 1996) (it is "reasonable to infer that Congress enacted [the provision] to provide mandatory compensatory and discretionary punitive damages for individual debtors only"); *In re Rafter Seven Ranches L.P.*, 414 B.R. 722, 733 (BAP 10th Cir. 2009) ("In this case, Debtor is a partnership and not a natural person and is thus not entitled to an award of damages under § 362(h).").

[9]    For the avoidance if doubt, Marshall reserves all rights with respect to any proceeding by the Alleged Debtor seeking damages from Marshall pursuant to section 303(i) of the Bankruptcy Code.

Marshall's request for consent, but should it not do so, Marshall maintains that it would be improper to provide a bond for the Alleged Debtor's prospective fees and costs to contest the Dismissal Motion or further proceedings in the involuntary case, the incurrence of which fees and costs are entirely of the Alleged Debtor's own making.[10]

### CONCLUSION

WHEREFORE, for the foregoing reasons and as set forth in more detail in the Rehearing Motion, Marshall respectfully requests that the Court grant the relief requested in the Rehearing Motion.

Dated:  September 4, 2025
      New York, New York

**ROPES & GRAY LLP**

*/s/ Gregg M. Galardi*
Gregg M. Galardi (No. 2991)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone.: (212) 596-9000
Facsimile: (212) 596-9090
Email: gregg.galardi@ropesgray.com

*Counsel to Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as trustee for the Marshall Investments MIG Trust)*

---

[10] Even if the Alleged Debtor's request for a bond pursuant to section 303(e) of the Bankruptcy Code has not been rendered fully moot by the Dismissal Motion and the consent of the other Petitioning Creditors to dismissal of the case, such developments clearly moot the alleged need for a bond in the amount of twice the amount of attorney's fees and costs incurred to date.  Such an award assumed continuing discovery and an evidentiary hearing on the Involuntary Petition. *See* August 11 Hr'g Tr. 51:8-12.  Unless the Alleged Debtor chooses to delay and draw this case out to continue to incur fees, there is no reason this case cannot be quickly and efficiently resolved.