**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAWSON INFRASTRUCTURE GROUP, INC.<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 24-12726 (MFW)<br><br>**Related to D.I. Nos. 163, 172, 175, 187, 218, 222, 245, 246, and 247** |

**ORDER DISMISSING INVOLUNTARY PETITION**

Upon consideration of the *Motion to Dismiss Petition of Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as Trustee for the Marshall Investments MIG Trust as Petitioning Creditor* [D.I. 163] ("Marshall's Motion to Dismiss" or the "Motion")[1] filed by Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as trustee for the Marshall Investments MIG Trust ("Marshall") and the Joinders[2] to the Motion filed by Rayra Pty Ltd. ("Rayra"), Liam Healey and Quentin Olde in their capacity as Receivers and Managers of MIG No.1 Pty Ltd (in Liq.) (Receivers and Managers Appointed) (the "MIG1 Receivers"), and W Capital Advisors Pty Ltd ("W Capital"); and the Court having reviewed Marshall's Motion to Dismiss, the Joinders, the *Response of Celsius Network Limited to Motion*

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[2] The "Joinders" include the (i) *Joinder of Rayra Pty Ltd. to Motion to Dismiss Petition* [D.I. 172] (the "Rayra Joinder to Marshall's Motion to Dismiss"); (ii) the *Joinder to Motion to Dismiss Petition of Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty LTD) as Trustee for the Marshall Investments MIG Trust as Petitioning Creditor filed by Liam Healey and Quentin Olde in their capacity as Receivers and Managers of MIG No.1 Pty Ltd (in Liq.) (Receivers and Managers Appointed)* [D.I. 175] (the "MIG1 Receivers' Joinder to Marshall's Motion to Dismiss"); and (iii) *Joinder of W Capital Advisors Pty Ltd[2] to the: (A) Motion to Dismiss Petition of Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Trust as Petitioning Creditor); and (B) Marshall's Motion Pursuant to Bankruptcy Rules 9023 and 9024 for Order (I) Scheduling Rehearing on Alleged Debtor's Motion for Order for (A) Bond Pursuant to 11 U.S.C. § 303(e) and (B) Sanctions for Violation of the Automatic Stay or (III) Reconsidering the August 11 Bench Ruling on Such Motion* [D.I. 187] ("W Capital's Joinder to Marshall's Motion to Dismiss").



162722647_9

*to Dismiss Petition of Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as Trustee for the Marshall Investments MIG Trust as Petitioning Creditor and (B) the Joinders Thereto of Rayra Pty Ltd., the Receivers, and W Capital Advisors Pty Ltd* [D.I. 218] and the *Objection of Mawson Infrastructure Group, Inc. to the Motion to Dismiss Petition of Marshall Investments GCP Pty Limited (f/k/a Marshall Investments MIG Pty Ltd) as Trustee for the Marshall Investments MIG Trust as Petitioning Creditor and Related Joinders Thereto* [D.I. 222], declarations in support thereof, and the record of this case; and this Court finding that (a) it has jurisdiction over this matter and any persons that have participated in this matter pursuant to 28 U.S.C. §§ 157 and 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding, (d) it may enter a final order consistent with Article III of the United States Constitution, and (e) notice of the Motion and hearing were sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and having considered the statements of counsel with respect to the Motion at a hearing before the Court on October 21, 2025 (the "Hearing"); and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record at the Hearing, the *Chapter 11 Involuntary Petition* [D.I. 1] (the "Involuntary Petition") filed by Marshall, Rayra, and W Capital, and joined by the MIG1 Receivers and the Mawson Services Liquidators (together, the "Petitioning Creditors") against Mawson Infrastructure Group, Inc. (the "Alleged Debtor" or "Mawson") is hereby dismissed, with prejudice, subject to the terms set forth in this Order.

2. The terms of this Order are immediately effective and enforceable upon its entry.

3. Entry of this Order is without prejudice to seek recovery pursuant to 11 U.S.C. § 303(i) of, (a) attorneys' fees and costs, (b) any damages proximately caused by the Involuntary Petition, and (c) punitive damages, and the Court retains exclusive jurisdiction in connection with same. Any request by Mawson for relief pursuant to section 303(i) shall be (a) filed with the Court within sixty (60) days from the date of entry of this Order and (b) styled as an adversary proceeding.

4. For the reasons set forth on the record at the Hearing, this Court retains jurisdiction over all prior orders entered in the above-captioned involuntary case (the "Involuntary Proceeding") pursuant to section 349(b) of the Bankruptcy Code, including, but not limited to, the (a) *Order Granting Alleged Debtor's Motion to Compel Discovery and Depositions* [D.I. 122] (the "Discovery Order"); (b) *Order Directing Issuance of Letters of Request Under the Hague Convention* [D.I. 124]; (c) *Order Granting in Part Mawson Infrastructure Group Inc.'s Motion for Sanctions for Violation of the Automatic Stay* [D.I. 204]; and (d) subject to the pending appeal [D.I. 211] and the jurisdiction of the United States District Court for the District of Delaware or any other applicable appellate court, *Order Granting Mawson Infrastructure Group Inc.'s Motion for a Bond Pursuant to 11 U.S.C. § 303(e)* [D.I. 205]; and accordingly, any orders previously entered in the Involuntary Proceeding shall continue to be in full force and effect, including in any adversary proceeding(s) commenced under the preceding paragraph, notwithstanding the dismissal of the Involuntary Petition.

5. Any party-in-interest in the Involuntary Proceeding may file a motion to quash or similar pleading related to the Discovery Order or the *Agreed Stipulation* [D.I. 141] (the "Stipulation") agreed to in the Involuntary Proceeding by the date that is no later than thirty (30) days from the date of entry of this Order.

6. The deadline for Mawson and all Petitioning Creditors to comply with the Discovery Order or the Agreed Stipulation shall be the later of (a) the date that is thirty-one (31) days from the date of entry of this Order, (b) five (5) business days after the date of entry of an order denying any motion to quash or similar pleading filed with respect to such discovery requests, and (c) such other date as otherwise may be mutually agreed by the parties.

7. For the reasons set forth on the record at the Hearing, to the extent the Liquidator exists under the laws of any jurisdiction, (a) Cameron Hamish Gray as the liquidator of Mawson (the "Liquidator") is a "custodian" pursuant to sections 101(11) and 543 of the Bankruptcy Code; and (b) notwithstanding dismissal of the Involuntary Petition, the Australian liquidation proceeding against Mawson, No. NSD1395/2024, in the Federal Court of Australia, New South Wales Registry and any custodianship of the Liquidator in connection therewith shall not be reinstated, as provided for in sections 349(b) and 543 of the Bankruptcy Code. The foregoing shall not constitute an admission or stipulation by the Alleged Debtor, Celsius, or any other party in interest in these cases as to the propriety or effectiveness of the appointment of the Liquidator, which parties shall retain any and all rights to contest the effectiveness of existence of the Liquidator in any future legal case or proceeding. For the avoidance of doubt, the foregoing applies to the Liquidator, not the MIG1 Receivers.

8. The Court retains jurisdiction as to all matters relating to or in connection with the Involuntary Proceeding, including without limitation the implementation, enforcement or interpretation of this Order.

**Dated: November 4th, 2025**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**



162722647_9