**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>Mawson Infrastructure Group, Inc.<br>(n/k/a Big Digital Energy, Inc.<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 24-12726 (MFW) |
| Mawson Infrastructure Group, Inc.<br><br>Plaintiff,<br><br>v.<br><br>W Capital Advisors PTY Ltd. et al.,<br><br>Defendants. | ) | Adv. No. 25-52482 (MFW)<br><br>**Rel. Docs. 5, 31, 32, 33, 85, 90** |

**MEMORANDUM OPINION**

Before the Court is the Motion of Defendants Liam Healey and Quentin Olde, in their capacity as Receivers and Managers of MIG No. 1 Pty Ltd. (the "MIG1 Receivers") for Judgment on the Pleadings on the Complaint filed by Mawson Infrastructure Group, Inc. (n/k/a Big Digital Energy, Inc.) (the "Plaintiff"). For the reasons stated below, the Court will deny the Motion as to Counts I and II and grant the Motion, without prejudice, as to Counts III and IV.

## I. FACTUAL BACKGROUND[1]

On December 4, 2024 (the "Petition Date"), W Capital Advisors Pty Ltd ("W Capital"), Marshall Investments GCP Pty Ltd.

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Complaint and the Answer, to the extent they are undisputed.

(f/k/a Marshall Investments MIG Pty Ltd) as trustee for the Marshall Investments MIG Trust ("Marshall"), and Rayra Pty Ltd ("Rayra") filed an involuntary petition under chapter 11 of the Bankruptcy Code against the Plaintiff (the "Involuntary Petition").[2] On March 7, 2025, the MIG1 Receivers filed a joinder as a petitioning creditor to the Involuntary Petition.[3]

The Involuntary Petition was contested by the Plaintiff and limited discovery was conducted. On August 25, 2025, Marshall filed a motion asking the Court to dismiss the Involuntary Petition, which was supported by all of the Petitioning Creditors.[4] After considering the motion and position of the Plaintiff, the Court entered an order dismissing the Involuntary Petition on November 4, 2025, with certain conditions, including preserving the Plaintiff's right to file an adversary complaint seeking attorneys' fees, costs, and damages pursuant to section 303(i) of the Bankruptcy Code.[5]

---

[2] D.I. 1. References to the docket in the main case are to "D.I. #." References to the docket in this adversary proceeding are to "Adv. D.I. #."

[3] D.I. 61. On May 27, 2025, John McInerney and Phillip Campbell-Wilson in their capacity as Joint and Several Liquidators of Mawson Services Pty Ltd (in Liq.) (the "Mawson Services Liquidators") also filed a joinder to the Involuntary Petition. D.I. 126. (All of the parties who filed the Involuntary Petition are referred to herein as the "Petitioning Creditors.")

[4] D.I. 163, 172, 175, 187.

[5] D.I. 265.

On December 29, 2025, the Plaintiff filed a complaint against the Petitioning Creditors and others.[6] In the Complaint, the Plaintiff seeks the following relief: costs and attorneys' fees under section 303(i)(1) incurred by Plaintiff in contesting the Involuntary Petition (Count I), actual and punitive damages under section 303(i)(2) caused by the Petitioning Creditors' bad faith in filing the Involuntary Petition (Count II), actual damages for violation of the automatic stay (Count III), and preliminary and permanent injunctions enjoining the Defendants from any acts to collect, assess, or recover pre-petition claims or to commence or continue actions in violation of section 362(a) and directing the unwinding of any such actions taken (Count IV).[7] The MIG1 Receivers filed an answer to the Complaint on April 30, 2026.[8] On May 1, 2026, the MIG1 Receivers filed a Motion for Judgment on the Pleadings and a brief in support.[9] The Plaintiff filed a brief in opposition to the Motion and the MIG1 Receivers filed a Reply.[10] The matter is ripe for decision.

---

[6] Adv. D.I. 1, 2, 5.

[7] Id.

[8] Adv. D.I. 31.

[9] Adv. D.I. 32, 33.

[10] Adv. D.I. 85, 90.

## II. JURISDICTION

The Bankruptcy Court has subject matter jurisdiction over all "proceedings arising under title 11 or arising in or related to a case under title 11."[11] The claims asserted in the adversary proceeding filed by the Plaintiff are core matters because they arise under section 303 and 362 of the Bankruptcy Code.[12]

Even if the parties have not all consented to the Court entering a final order in this adversary proceeding,[13] the Court does have the authority to enter orders on preliminary matters that do not constitute a final adjudication, such as the instant Motion for Judgment on the Pleadings.[14]

---

[11] 28 U.S.C. §§ 157(a), 157(b)(1), 1334(b).

[12] Id.

[13] The Plaintiff has consented to the entry of a final order on its Complaint. Adv. D.I. 5 ¶ 25. The MIG1 Receivers did not state in their Answer whether they consented to entry of a final order or not. D.I. 31. Therefore, they are deemed to have consented to the entry of a final order in this adversary proceeding. See Fed. R. Bankr. Pro. 7008 (requiring pleadings to state whether the pleader consents to the entry of final orders or judgments); Del. Bankr. L.R. 7008-1 ("If no such statement is included, unless otherwise ordered by the Court, the pleader will have waived the right to contest the authority of the Court to enter final orders or judgments.").

[14] See, e.g., O'Toole v. McTaggart (In re Trinsum Grp., Inc.), 467 B.R. 734, 738 (Bankr. S.D.N.Y. 2012) (holding that "both before and after Stern v. Marshall, it is clear that the bankruptcy court may handle all pretrial proceedings, including the entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint.") (citations omitted).

## III. DISCUSSION

### A. Standard of Review

Rule 12(c) provides that "after the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."[15] Judgment on the pleadings is appropriate when there are no material factual issues, and the movant is entitled to judgment as a matter of law.[16] The Court must generally confine its review to the complaint and the answer, although it may consider any documents attached thereto.[17]

Similar to a motion to dismiss under Rule 12(b)(6),[18] the Court must accept all of the well-pled, undisputed facts in the Complaint as true. However, the Court must also consider the well-pled, undisputed facts contained in the answer as true. For purposes of the motion, the Court must draw all reasonable

---

15 Fed. R. Civ. P. 12(c) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012).

16 Sikirica v. Nationwide Ins. Co, 416 F.3d 214, 220 (3d Cir. 2005). See also Michaelson v. L.A. Downtown Med. Ctr., LLC (In re Promise Healthcare Grp., LLC), Adv. Proc. No. 23-50335, 2024 WL 1925902, at *5 (Bankr. D. Del. 2024).

17 Promise Healthcare, 2024 WL 1925902, at *5 (citing Fed. R. Civ. P. 10(c)).

18 See e.g., Doe v. New Castle Cnty., No. 23-3190, 2024 WL 4719143, at *1, n.2 (3d Cir. Nov. 8, 2024) ("A Rule 12(c) motion for judgment on the pleadings is reviewed under the same plausibility standard as a Rule 12(b)(6) motion."). See also Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim.") (quoting Patel v. Contemporary Classics, 259 F.3d 123, 126 (2d Cir. 2001)).

inferences arising from the pleadings in favor of the non-moving party and reject any contravening assertions in the movant's pleadings).[19] The burden of proof is on the moving party.[20]

B. Count I

In Count I of the Complaint, the Plaintiff seeks attorneys' fees and costs under section 303(i)(1) from, inter alia, the MIG1 Receivers for their actions in joining the Involuntary Petition as a Petitioning Creditor.[21] While the MIG1 Receivers concede that that section permits the award of attorneys' fees and costs against petitioning creditors when an involuntary petition is dismissed, they contend that the test applied by the Third Circuit is the totality of the circumstances test. As a result, they argue that the right to attorneys' fees and costs under section 303(i)(1) is intertwined with the issue of bad faith under section 303(i)(2). Specifically, they contend that if the evidentiary record does not support a finding of bad faith, it

---

19 See e.g., Sikirica, 416 F.3d at 220; Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 291 (3d Cir. 1988) (for purposes of a Rule 12(c) motion, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party"). See also 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1368, at 690 (1969) ("For purposes of the court's consideration of the Rule 12(c) motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false (not to be confused with the obligation to accord that deference only to the claimant's pleadings in the context of a motion under Rule 12(b)(6)).").

20 Sikirica, 416 F.3d at 220.

21 Adv. D.I. 5 ¶¶ 191-95.

also undermines the Plaintiff's ability to recover attorneys' fees and costs.[22] The MIG1 Receivers assert that fees and costs should not be assessed against them merely because the Involuntary Petition was dismissed and the Plaintiff incurred fees and costs in defending against it.

The Plaintiff responds that it has met the criteria for an award of attorneys' fees and costs under section 303(i).[23] Namely, the Plaintiff notes that the Complaint alleges that the Involuntary Petition was dismissed without its consent and it did not waive the right to pursue an award of attorneys' fees and costs.[24] It argues that "there is a rebuttable presumption in favor of awarding costs and reasonable attorneys' fees" and "it is the petitioning creditor's burden to rebut that

[22] See, e.g., Nat'l Med. Imaging, LLC v. U.S. Bank (In re Nat'l Med. Imaging, LLC), 644 B.R. 94, 119 (Bankr. E.D. Pa. 2022).

[23] 11 U.S.C. § 303(i) provides that:

> if the court dismisses an [involuntary] petition other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment –
> (1) against the petitioners and in favor of the debtor for
> (A) costs; or
> (B) a reasonable attorney's fee; or
> (2) against any petitioner that filed the petition in bad faith, for –
> (A) any damages proximately caused by such filing; or
> (B) punitive damages.

[24] Adv. D.I. 5 D.I. ¶¶ 192-93. See also D.I. 265 ¶¶ 1, 3.

presumption."[25]

The Court agrees with the Plaintiff that there is a presumption that attorneys' fees and costs should be awarded in an action under section 303(i)(1).[26] In this case, the MIG1 Receivers have not presented undisputed evidence that is sufficient to rebut that presumption. Further, the authority cited by the MIG1 Receivers does not support their argument that if bad faith is not shown, attorneys' fees or costs should not be awarded. Instead, the National Medical Imaging Court held that any attorneys' fees or costs awarded under section 303(i)(1) could be reduced by any fees incurred in developing an unsuccessful bad faith case under section 303(i)(2).[27]

However, even if the Court were required to consider the totality of the circumstances including the issue of bad faith, as argued by the MIG1 Receivers, such an analysis would of

---

[25] Nat'l Med. Imaging, 644 B.R. at 110 (in ruling on summary judgment motions, following the majority view of courts on the burden of proof) (citations omitted); In re Diloreto, 388 B.R. 637, 648 (Bankr. E.D. Pa. 2008) ("a putative debtor is ordinarily entitled to have an award of counsel fees if the conditions of section 303(i) apply . . . . The burden falls upon the petitioning creditor(s) to justify that an award of fees is inappropriate."), aff'd 442 B.R. 373 (E.D. Pa. 2010).

[26] See In re Skyworks Ventures, Inc., 431 B.R. 573, 576 (Bankr. D.N.J. 2010) ("The imposition of costs and fees [under section 303(i)(1)] is discretionary, but the majority rule typically awards fees and costs to the debtor upon dismissal.") (citations omitted). See also 2 Collier on Bankruptcy ¶ 303.33 (Alan N. Resnick & Henry J. Sommer eds., 2010).

[27] Nat'l Med. Imaging, 644 B.R. at 119.

necessity require consideration of disputed facts making it inappropriate at this stage to dismiss the section 303(i)(1) claim.[28] Accordingly, the Court will deny the MIG1 Receivers' Motion for Judgment on the Pleadings as to Count I of the Complaint.

C. Count II

In Count II of the Complaint, the Plaintiff seeks actual and punitive damages under section 303(i)(2)(A)-(B) from, inter alia, the MIG1 Receivers for their joinder as a Petitioning Creditor in the bad faith filing of the Involuntary Petition.[29] The MIG1 Receivers argue that they are entitled to judgment in their favor on this count because (1) there is a presumption that petitioning creditors file involuntary petitions in good faith,[30] and (2) under the totality of the circumstances standard applied by the Third Circuit, there are insufficient facts alleged in the Complaint as to them. Specifically, they contend that through group pleading the Plaintiff seeks to impute the alleged bad acts of other Defendants to them.

---

[28] See Nat'l Med. Imaging, LLC v. U.S. Bank (In re Nat'l Med. Imaging, LLC), 570 B.R. 147, 163 (Bankr. E.D. Pa. 2017) (denying motion to dismiss in part because "the decision to award attorneys' fees and costs and section 303(i)(1) is within my discretion [and] is one that can only be made after a factual record is developed and complete and I have the opportunity to consider all the facts and circumstances.").

[29] Adv. D.I. 5 ¶¶ 196-99.

[30] In re Forever Green Ath. Fields, Inc., 804 F.3d 328, 335 (3d Cir. 2015).

The Plaintiff argues that the Complaint includes specific allegations against the MIG1 Receivers including that (1) they signed a common interest agreement with the other Petitioning Creditors in January 2025, which they concealed, (2) they joined the Involuntary Petition to cure the defects of the original filing by the Petitioning Creditors, (3) they refused to collect collateral securing their claim which the Plaintiff had offered, and (4) they joined the motion for relief from the stay to allow the Australian proceedings to go forward when it was evident that prosecution of the Involuntary Petition would not be successful.[31]

The Court concludes that it is inappropriate to grant judgment on the pleadings on Count II of the Complaint. The Third Circuit has stated that the totality of the circumstances test for bad faith filing is a "fact-intensive" test.[32] The Plaintiff has made numerous allegations with respect to specific

---

[31] Adv. D.I. 5 ¶¶ 43, 81-82, 115, 129-30, 175.

[32] Forever Green, 804 F.3d at 336 (in applying the totality of the circumstances, "courts may consider a number of factors, including, but not limited to, whether: the creditors satisfied the statutory criteria for filing the petition; the involuntary petition was meritorious; the creditors made a reasonable inquiry into the relevant facts and pertinent law before filing; there was evidence of preferential payments to certain creditors or of dissipation of the debtor's assets; the filing was motivated by ill will or a desire to harass; the petitioning creditors used the filing to obtain a disproportionate advantage for themselves rather than to protect against other creditors doing the same; the filing was used as a tactical advantage in pending actions; the filing was used as a substitute for customary debt-collection procedures; and the filing had suspicious timing.").

actions which it contends evidence the MIG1 Receivers' bad faith.[33] It has also contended that the MIG1 Receivers acted in concert with the other Defendants in an effort to put the Plaintiff out of business, which the MIG1 Receivers dispute.[34] The Court cannot on this record decide this issue. Consequently, the Court will deny the Motion for Judgment on the Pleadings as to Count II.

D. Count III

In Count III of the Complaint, the Plaintiff seeks actual damages for violation of the automatic stay from, inter alia, the MIG1 Receivers.[35] The MIG1 Receivers argue that Count III fails to state a claim against them, noting that the only allegations in the Complaint regarding any violation of the stay are premised on the actions of Defendant Glenn in filing two affidavits in the Australian Court which misled it into believing there was no automatic stay created by the filing of the Involuntary Petition.[36] They contend that the Court has already concluded that Defendant Glenn was acting only on behalf of W Capital and, consequently, found that only W Capital was in violation of the

---

[33] See supra note 31.

[34] Adv. D.I. 5 ¶¶ 55-80, 128-32; Adv. D.I. 31.

[35] Adv. D.I. 5 ¶¶ 200-04. See 11 U.S.C. § 362(k).

[36] Adv. D.I. 5 ¶¶ 166-77, 201.

automatic stay.[37] They further argue that the automatic stay ceased to apply once the Involuntary Petition was dismissed on November 4, 2025.[38] Consequently, they assert that the Court must enter judgment in their favor on Count III.

In response, the Plaintiff refers largely to actions by the other Defendants which it contends violated the automatic stay. For example, it points to allegations in the Complaint that the actions of Defendant Glenn resulted in the appointment of Defendant Gray in violation of the automatic stay and that W Capital and Marshall agreed to indemnify Defendant Gray's costs.[39] The Plaintiff alleges in the Complaint only that the MIG1 Receivers participated in the coordinated action of the other Defendants to advance the Australian liquidation proceeding in violation of the automatic stay and by joining in the Motion seeking nunc pro tunc relief from the stay to ratify the appointment of Defendant Gray.[40] The Plaintiff argues that liability for a willful violation of the stay may extend to those who actively prosecute, direct, or assist the stayed activity, including counsel and affiliated actors, where they have notice of the bankruptcy and continue litigation or collection efforts

---

[37] D.I. 207 at 4-5.

[38] D.I. 265. See also 11 U.S.C. § 362(c)(2)(B).

[39] Adv. D.I. 5 ¶¶ 167-70, 179.

[40] Id. ¶¶ 175, 201.

without stay relief.[41]

The Court concludes that the allegations of the Complaint are insufficient to support a claim that the MIG1 Receivers violated the automatic stay. The Court already found that the actions of Defendant Glenn were attributable only to him and his client, W Capital, but not to the other Petitioning Creditors.[42] Further, the Court cannot conclude as a matter of law that filing (or joining in) a motion for relief from the stay is itself a violation of the stay. As that is the only action specifically attributed to the MIG1 Receivers in the Complaint relevant to this Count, the Court concludes that Count III of the Complaint fails to state a claim against them and the Motion for Judgment on the Pleadings on that Count should be granted. However, the Court agrees with the Plaintiff that, because discovery has not concluded in this adversary, this ruling will be without prejudice to the right of the Plaintiff to amend its Complaint.[43]

---

[41] See, e.g., In re Johnson, 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000) (imposing joint and several liability against creditor and her counsel for willful stay violations committed by counsel in continuing collection activity); In re Gardner, No. 15-15192 (MBK), 2016 WL 1576700, at *5-8 (Bankr. D.N.J. Mar. 31, 2016) (holding partnership and its partners in violation of the stay where they took retained funds belonging to the estate).

[42] D.I. 207 at 4-5.

[43] Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). See, e.g., Montanez v. Price, 154 F.4th 127, 152 (3d Cir. 2025) (concluding that district court abused its discretion in denying pro se state inmate's request for leave to amend because "leave to amend should be

E. Count IV

In Count IV of the Complaint, the Plaintiff seeks preliminary and permanent injunctions enjoining the MIG1 Receivers and the other Defendants from any acts to collect, assess, or recover pre-petition claims or to commence or continue actions in violation of section 362(a).[44] The MIG1 Receivers argue that the automatic stay terminated upon entry of the Order dismissing the Involuntary Petition on November 4, 2025 (the "Dismissal Order").[45] While the Court entered an injunction as part of its Dismissal Order, the MIG1 Receivers note that they are expressly excluded from its effect by the terms of that Order.[46] Further, the MIG1 Receivers contend that there are no allegations in the Complaint that provide any grounds for granting any injunction against them under section 105(a) or section 362 of the Bankruptcy Code.

---

liberally given unless amendment would be inequitable or futile.").

[44] Adv. D.I. 5 ¶¶ 205-06.

[45] D.I. 265. 11 U.S.C. § 362(c)(2)(B) (the automatic stay continues only until "the time the case is dismissed"). See also Bullard v. Blue Hills Bank, 575 U.S. 496, 503 (2015) ("Dismissal lifts the automatic stay entered at the start of bankruptcy, exposing the debtor to creditors' legal actions and collection efforts."); In re Guy, 654 B.R. 765, 771 (Bankr. W.D. Pa. 2023) ("Dismissal allows creditors to resume their collection efforts under applicable non-bankruptcy law.").

[46] D.I. 265 ¶ 7 ("For the avoidance of doubt, the foregoing [injunction] applies to the Liquidator, not the MIG1 Receivers.").

The Plaintiff raises the same arguments stated above with respect to Count III, namely that the MIG1 Receivers participated in the efforts of other Defendants to violate the automatic stay and to continue the Liquidation proceeding in Australia. It contends that an injunction is necessary to stop those efforts.

The Court concludes that those allegations are insufficient to support a claim for an injunction against the MIG1 Receivers. While the Court found justification for an injunction in its Dismissal Order, the Court expressly excluded the MIG1 Receivers from that relief.[47] No additional evidence or allegations supportive of an injunction have been raised by the Plaintiff in its Complaint. Consequently, the Court concludes that Count IV of the Complaint fails to state a claim against the MIG1 Receivers and their Motion for Judgment on the Pleadings on that Count should be granted. However, the Court concludes that this ruling should be without prejudice to the right of the Plaintiff to amend its Complaint.[48]

---

[47] Id.

[48] See supra note 31.

## V. CONCLUSION

For the foregoing reasons, the MIG1 Receivers' Motion for Judgment on the Pleadings will be denied as to Counts I and II and will be granted, without prejudice, as to Counts III and IV.

The Court will issue an Order consistent with this Opinion.

Dated: September 22, 2026

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge